# ORIENT INSURANCE COMPANY *v.* BOARD OF ASSESSORS FOR THE PARISH OF ORLEANS.

### ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 397. Argued April 18, 19, 1911.—Decided May 15, 1911.

*Liverpool & London & Globe Insurance Co.* v. *Assessors, ante,* p. 346, followed and applied as to right of State to tax insurance premiums due and extended by residents to non-resident companies although such premiums were due from local agents and not from policy holders.

*Quære* whether any Federal question was raised on this record as to excessive valuation of taxable credits; but the assessments not being nullities, plaintiffs in error have not been deprived of their property without due process of law.

A State has power to fix a reasonable time within which actions for reduction of assessments must be taken. *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 156.

Where a state statute prescribes a method for review and reduction of excessive valuation for taxes the remedy must be availed of within the prescribed period; and one not availing thereof in time cannot attack the assessment as depriving him of property without due process of law.

124 Louisiana, 872, affirmed.

THE facts, which involve the constitutionality and validity of tax assessments on a foreign insurance company in Louisiana, are stated in the opinion.

*Mr. Monte M. Lemann* and *Mr. Alexander C. King,* with whom *Mr. Harry H. Hall, Mr. J. Blanc Monroe* were on the brief, for plaintiff in error.

*Mr. George H. Terriberry, Mr. H. Garland Dupré* and *Mr. Harry P. Sneed,* for defendants in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is a writ of error to review a judgment in a consolidated suit brought by a number of foreign insurance corporations, doing business in Louisiana, to cancel assessments made by the Board of Assessors for the Parish of Orleans for the years 1906, 1907 and 1908, and in the alternative for their reduction as excessive.

The assessments, so far as they are in question here, were for premiums due on open account. In the course of the suit, a stipulation was made setting forth the true amount of these premiums. By the judgment of the Supreme Court of the State, the assessments for the year 1908 were reduced to the amount shown by the stipulation, but those for the years 1906 and 1907 were sustained on the ground that the suit for reduction had not been brought within the time prescribed by law. 124 Louisiana, 872.

With respect to the taxability of the premium accounts owing by Louisiana debtors, the question is the same as that presented in the case of *Liverpool & London & Globe Insurance Company* v. *Board of Assessors for the Parish of Orleans*, decided this day, *ante*, p. 346.

But it is said, upon the testimony in this record, that the debts were not due to the corporations by the policy holders, but by their Louisiana agents; that the premiums were charged to the agents, and that the corporations themselves gave no credit to the policy holders. In their petition in the state court the plaintiffs alleged that the only credits of any kind for money due to them were "uncollected premiums, due, under open account." They also set forth that, protesting against the legality of the tax, they had made reports under the statute showing the "uncollected premiums" for the years in question. And in their stipulation "the actual amounts of outstanding premiums" were stated. If, however, it can be said that

these accounts were due from the agents, still this would not avail the plaintiffs. The premiums were the considertion for the insurance contracts; they were the returns from the local business. Charging the premiums to the local agents did not withdraw the credits accruing to the corporations in the business transacted within the State from its taxing power.

It is also insisted that the assessments must be adjudged invalid upon the ground that they were shown to be grossly excessive and to have been the result of mere guesswork; and, further, that the assessors disregarded the reports made by the plaintiffs, and that their applications to be heard were refused because a test case was pending. Whether, with respect to these contentions, any Federal question can be said to have been raised in the state court is open to serious doubt. But it does not appear that the constitutional rights of the plaintiffs have been violated. It would be going too far to say that the assessments were nullities, or that the plaintiffs had been deprived of their property without due process of law. *People ex rel. Brooklyn City Railroad Co.* v. *New York State Board of Tax Commissioners,* 199 U. S., pp. 51, 52. The assessments were in fact made by the officers charged with that duty under the statute; if excessive, there was opportunity for review and correction. The plaintiffs have not been held bound by the assessment by reason of finality in the action of the assessors. See *Central of Georgia Railway Co.* v. *Wright,* 207 U. S. 127, p. 139. They had right of recourse to the courts of the State. If they are compelled to pay more than the amounts admitted by the stipulation, it is because they did not sue in time. They have procured a suitable reduction of the assessment for the year 1908; and a similar result could have been reached for the years 1906 and 1907, had action been taken within the period prescribed. It was competent for the legislature to fix a reasonable time within which actions for reductions

should be instituted, and there was no violation of the Federal Constitution in adjudging the rights of the plaintiffs accordingly. *Kentucky Union Co.* v. *Kentucky*, 219 U. S., pp. 156, 157; *Terry* v. *Anderson*, 95 U. S. 628.

The judgment of the Supreme Court of Louisiana is affirmed.

*Judgment affirmed.*