O’N'IELL, C. J.
This is a summary proceeding, under section 54 of Act 170 of 1898, to compel the surrender of personal property sufficient to satisfy taxes, amounting to $19,-092.01, assessed against defendant’s credits for the year 1921. In answer to the rule nisi, defendant admitted the material facts alleged in the petition of the tax collector, particularly that the list of property that had been rendered by defendant for assessment of the taxes of 1921 carried the item of “credits.” Defendant alleged, however, that all of the credits on the list rendered were due for sales of lumber, and were therefore exempted from taxation by section 4 of article 10 of the Constitution of 1921, exempting “debts due for merchandise or other articles of commerce or for services.”
.. The issue tendered by defendant’s answer ■to the rule was whether the exemption of credits from taxation remitted the taxes -thereon for the year 1921. The tax collector’s contention was that the taxes for that year •weré reserved by the saving clause in the fourth paragraph of section 1 of article 22 , (being the schedule) of the new Constitution, viz.:'
“All * * * taxes * * * due, owing or accruing to the state of Louisiana, or to any parish, city, municipality, board, or other public corporation therein under the Constitution and laws' heretofore in force, * * * except as herein otherwise provided, shall continue and remain unaffected by the adoption of this Constitution.”
The question at issue was pending on appeal in this court, in the ease of State ex rel. W. K. Henderson Iron Works & Supply Co. v. Jeter, Tax Assessor, 151 La. 1011, 92 South. 594, when this suit was filed. The original opinion in the Henderson Iron Works Case, declaring that credits due for articles of commerce sold, or for services, were exempted from taxation for the year 1921, was handed down one week after the present suit was filed. The original answer to this suit was filed five weeks later, while the Henderson Iron Works Case was pending on an application for rehearing. A few weeks later we handed down our final judgment in the Henderson Iron Works Case, declaring that the exemption of credits from taxation, granted by section 4 of article 10 of the Constitution of 1921 did not affect the taxes for that year. Thereupon, the defendant in this case tendered to the tax collector the amount of the state taxes that had been assessed for 1921 on the credits shown on the list rendered, with interest at 10 per cent, per annum from the 1st of February, 1922, the total sum, being $10,062.16; which the tax collector declined to accept as a settlement of his demand. Defendant then filed a supplemental answer, alleging that the tender had been made, not in response to or because of this suit, but in deference to our ruling in the Henderson Iron Works Case, and “with the sole idea of paying the taxes on its assessment of ‘credits’ for 1921, under said de-' cisión of the Supreme Court, as interpreted by respondent.” Defendant alleged that the credits, which had been assessed for the taxes of 1921, were exempted from the parish, taxes, school tax, school bond tax, road district .taxes and road bond taxes, claimed in this suit, because the police jury had not levied those taxes for 1921 until after the lfet *737 day of July of that year, when the new, Constitution had gone into effect.
Defendant also pleaded, in the supplemental answer to this suit, that the tax collect- or’s petition did not disclose a cause or right of action.
On motion of the attorneys for the tax collector, the supplemental answer was rejected by the district court, on the ground that it was filed in violation of section 54 of Act 170 of 1898, requiring that all answers to such proceedings shall “set forth specifically” all defenses relied upon by the defendant, and shall be filed on or before the return day of the rule nisi. On trial of the rule, therefore, the attorneys for the tax collector objected to defendant’s offering of proof that the resolutions of the police jury, levying the local taxes for 1921, were adopted after the 1st day of July of that year. The judge overruled the objection and allowed the proof, on the ground that defendant’s original answer to the suit was specific enough to put at issue the contention that the local taxes were not “accruing,” because they had not been assessed, when the new Constitution went into effect.
The district court gave judgment as prayed for in the defendant’s supplemental answer, rejecting the tax collector’s demand for the production of personal property to satisfy the local taxes, $9,029.85, and ordering the defendant to produce only sufficient of the credits assessed, or of other personal property, to satisfy the state taxes, $10,062.16, and the interest thereon at 10 per cent, per annum from the 1st day of February, 1922. The,tax collector has appealed.
We doubt that the defense made in the supplemental answer, having reference only to'the local taxes, was “set forth specifically,” as the statute required, in defendant’s original answer to this suit. On the contrary, it appears that there was no intention, in defendant’s original answer, to ask the court to make a distinction between the state taxes, which had been assessed, and the parish taxes, which had not been assessed, when the new Constitution went into effect. The idea of making the distinction appears to have been suggested by one of the reasons given for our ruling in the Henderson Iron Works Case, on rehearing.
In deciding this case, .however, we may accept as correct the district judge’s ruling that the defense made in the supplemental answer to this suit, that the local taxes for 1921 were not levied by the police jury of Allen parish.until after the 1st day of July of that year, was “set forth specifically,” as the statute says, in thfe original answer to this .suit. The judgment sustaining the defense is founded upon a wrong interpretation of our ruling in the Henderson Iron Works Case. It is true, in our reasoning, we put great stress upon the fact that the taxes for 1921 were already levied, and were therefore “accruing,” when the new Constitution went into effect. But we had no thought of making a distinction between the, state taxes for 1921, which we knew had been levied before the 1st of July, and local taxes, which the local authorities, might have neglected to levy until the 1st of July, of that year. It is certain, from the language of the reservation in the fourth paragraph of section 1 of article 22 of the Constitution, that there was no intention of making the distinction that is made in the judgment 'appealed from in this case. Of course, the argument that'taxes which had been levied were “accruing” when the new Constitution went into effect would not have been an appropriate argument in the Henderson Iron Works Case, if we had been dealing with taxes that had not been levied when the Constitution went into effect. But we were dealing with taxes which, for the most part at least, and as far as we knew, had been levied when the new Constitution wentinto effect. If the argument was *739 good for those taxes for 1921, it w.as good for all of the taxes for 1921, because all of the taxes for that year — that is, either all or none — were reserved alike by the saving clause in the fourth paragraph of section 1 of article 22 of the new Constitution. The principal reason for our ruling in the Henderson Iron Works Case, however, was expressed thus:
“The members of the convention also had in mind that the new Constitution would exempt from taxation property that was not theretofore exempt, and might therefore upset all calculations that had been made in the state’s appropriations for the year 1921, and in the budgets that had been made and published by the municipal and'' parochial authorities throughout the state. To avoid upsetting the state’s appropriations, and the municipal and parochial budgets of expenditures, for the year 1921, the members of the convention said, in the schedule of the new Constitution,” etc.
The learned counsel for defendant have filed a supplemental brief in support of their plea or exception of no cause of action, urged in the supplemental answer to this suit. The plea was based upon the failure of the tax collector to allege in his petition that he could not find any corporeal movable property to seize, to satisfy the taxes claimed. Defendant’s counsel quote, in support of the plea, the fourth paragraph of section 11 of article 10 of the Constitution, viz.:
“If the tax collector can find no corporeal movables of the delinquent to seize, he may levy on incorporeal rights, by notifying the debtor thereof, or he may proceed by summary rule in the courts to compel the delinquent to deliver up for sale property in his possession or under his control.”
We doubt that this language means that the tax collector cannot proceed by the milder remedy of a rule upon the delinquent tax debtor to show cause why he should not deliver up enough movable property to be sold for the tax, if the tax collector can exercise the harsher remedy of forthwith seizing the property. Be that as it may, such a defense in this suit is not at all consistent with the defense made in the original answer, and adhered to throughout;- that is, that the prop■erty on which the taxes were levied was exempt from taxation. In the fifth paragraph of defendant’s original answer to this suit, .the corresponding paragraph of the tax collector’s petition was, without reserve, admitted to be true, viz.:
“Petitioner further shows that he cannot make seizure of said property [meaning the credits that had been assessed] on account of its nature, and because the tax debtor holds it in his possession in such manner that your.tax collector cannot lay hands upon it, and said tax debtor has failed to pay the taxes thereon or deliver up said property.”
The allegation, which we have quoted, and which -the defendant acknowledged to be the truth, was a paraphrase of the language of section 54 of Act 170 of 1898, declaring that a proceeding like this may be brought—
“in all cases where the' collector cannot make a seizure of the personal property liable for the tax assessed against it, either because the nature of the property assessed, or because the owner or .his representative holds it in his possession or under his control in such a manner that the tax collector cannot lay hands upon it.”
According to section 56 of Act 170 of 1898, the defendant is liable for the tax collector’s attorney’s fee, fixed at 10 per cent, of the aggregate amount of the taxes to be collected and the interest thereon.
The judgment appealed from is amended, by ordering the defendant to deliver up to the tax collector sufficient of the credits assessed for the taxes of 1921, or of other personal property, to realize at public sale the taxes amounting to $19,092, and the interest thereon at 10 per cent, per annum from the 1st day of February, 1922, and the 10 per cent, attorney’s fee on the aggregate amopnt of said principal and interest, and the costs of this suit. As amended, the judgment is affirmed.