## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1924

(103 So. 337)

No. 26286.

BEMIS BRO. BAG CO. v. LOUISIANA TAX COMMISSION et al.

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⚖️13—Foreign corporation in establishing domicile becomes subject to taxing power.**

Foreign corporation, in establishing domicile and beginning to do business, subjects its person, property, and business to jurisdiction of state and consequently to taxing power.

**2. Taxation ⚖️98—Credits arising from sales in state to customers outside state taxable.**

Credits arising from sales made in state to customers outside state *held* subject to tax as against objection that such credits are of transitory character and without permanent situs within state.

**3. Taxation ⚖️166—Credits arising from sales to customers outside state taxable, though credits remitted to parent corporation.**

Where foreign corporation, qualified and maintaining branch within state, deposits credits arising from sales made within state to customers outside state in bank here in common with credits arising from local sales, subsequent remittance of credits from outside sales to financial headquarters of parent corporation does not affect taxability of such credits.

**4. Taxation ⚖️42(4)—Statute held not in contravention of constitutional requirement of equal and uniform taxation.**

Act No. 15, Extra Sess. of 1917, does not provide different law for nonresident insurance companies than for other nonresidents, and is therefore not in violation of provision of Const. 1898, art. 225, Const. 1913, art. 225, requiring that taxation shall be equal and uniform.

**5. Statutes ⚖️63—Unconstitutionality of statute relative to taxation of credits unavailable in view of other valid enactment.**

Assuming that effect of Act No. 15, Extra Sess. of 1917, is to exempt nonresident insurance companies from assessment of credits arising from business done within state, in violation of provisions of Const. 1898. art. 225, Const. 1913, art. 225, requiring uniform and equal taxation, this unconstitutionality would be unavailable since Act No. 24, Extra Sess. of 1918, applies equally to all corporations, resident and nonresident, as to assessment and taxation of credits.

**6. Taxation ⬥194—Exemption of banks and trust companies held legitimate exercise of state's power of taxation.**

Act No. 24, Extra Sess. of 1918, is not, because of its exemption of banks and trust companies, in contravention of Const. 1898, art. 225, Const. 1913, art. 225, requiring that taxation shall be equal and uniform, since such exemptions are legitimate exercise of state's power of taxation, such institutions being taxed under different system, Act No. 169 of 1916.

**7. Statutes ⬥107(6)—Statute held not in contravention of constitutional provision relative to embracing only one object.**

Act No. 15, Extra Sess. of 1917, and Act No. 24, Extra Sess. of 1918, held not in contravention of Const. 1898, art. 31, or Const. 1913, art. 31, providing that no law shall embrace more than one object, since such provision does not prohibit embracing in statute means of accomplishment of its object.

**8. Taxation ⬥375(2)—Two enactments held to coexist and co-operate in the assessment of credits of corporation.**

In order to make legal assessment of credits of corporation, such value must be placed on property as will represent fair average on capital, both cash and credit, employed in business, as required under Act No. 170 of 1898, § 7, and then offsetting this valuation by bona fide accounts payable, and other liabilities as required by Act No. 24, Extra Sess. of 1918, these acts coexisting and co-operating in assessment of this class of property.

**9. Constitutional law ⬥229(1), 283—Taxation ⬥37—Acts relative to assessment and taxation of credits held not to contravene federal Constitution.**

Act No. 170 of 1898, § 7, Act No. 15, Extra Sess. of 1917, and Act No. 24, Extra Sess. of 1918, acts relative to assessment and taxation of credits, held not to deny nonresident corporation equal protection of law, or to deprive them of property without due process, in contravention of Const. U. S. Amends. 5, 14.

**10. Taxation ⬥47(1) — Taxation of credits from sales within state to outside customers held not to involve double taxation.**

Taxation of credits arising from sales within state to customers outside state held not to involve double taxation, since cash, credits, stocks, and goods are taken into account merely because they represent proportionate part of capital employed in business.

**11. Commerce ⬥72—Acts relative to assessment and taxation of credits held not in contravention of interstate commerce clause.**

Act No. 170 of 1898, § 7 and Act No. 24, Extra Sess. of 1918, relative to assessment and taxation of credits arising from sales within state to customers both within and out of state held not to contravene interstate commerce clause of federal Constitution (Const. U. S. art. 1, § 7, subd. 3), since tax does not vary in proportion to business done, but is ad valorem tax on gross proceeds of sales made in interstate commerce.

**12. Taxation ⬥196—Provision of state Constitution held not to exempt credits from taxation.**

Credits held not exempt from taxation by virtue of Const. 1921, art. 10, § 4.

**13. Taxation ⬥204(3)—Failure of assessors to complete tax rolls by July 1, 1921, held not to effect exemption under Const. 1921.**

Failure of assessors to complete tax rolls by July 1, 1921, as required by resolutions of tax commission, held not to effect exemption under Const. 1921, art. 10, § 4.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by the Bemis Bro. Bag Company against the Louisiana Tax Commission and others. From a judgment for the defendants, plaintiff appeals. Affirmed.

Carroll & Carroll, Henry G. McCall, and Azzo J. Plough, all of New Orleans, for appellant.

Catesby Jones, Asst. City Atty., of New Orleans, for appellees.

H. P. Sneed, of New Orleans, for Lousiana Tax Commission and State Tax Collector.

Nat. D. Cooke, of New Orleans, for Board of Assessors.

LAND, J. The Bemis Bro. Bag Company is a foreign corporation, organized under the laws of the state of Missouri, with its legal domicile in the city of St. Louis, and with its financial headquarters in the city of Boston, Mass.

Said company is engaged in the business of importing burlap, and in the manufacture

and sale of burlap and cotton bags, and owns and operates factories in New Orleans, St. Louis, Memphis, and other cities, and cotton mills in Indianapolis, St. Louis, and Jackson, Tenn. Said company seeks in the present suit to have canceled and annulled, on various grounds, an assessment of $425,500 made against it on credits for the year 1921, or, in the alternative, to have said assessment reduced by the sum of $291,600.

The item of $425,500 consists of $133,899.10, accounts receivable from debtors in the state of Louisiana, and of $291,600.90, accounts receivable from debtors outside of the state.

Plaintiff corporation is domiciled and doing business in the city of New Orleans, where it maintains a local office, and manufactures and sells its product for cash and on credit to customers within and without the state.

The New Orleans branch of plaintiff company manufactures its product, sells it, keeps the accounts of such sales, sends out the invoices, receives the remittances, and deposits these remittances in a New Orleans bank, without any distinction as to sales made to customers in and outside of the. state.

Against this common fund the local manager draws daily checks for the amount of sales made to buyers in other states. These checks are forwarded to a New York bank, with instructions to place said checks to the credit of the financial office in Boston, to be handled through drafts from that office.

Under this state of facts, it is evident that all of the taxable credits in this case arise from sales made and completed in the city of New Orleans, or from business done in this state. Plaintiff company was allowed to offset its gross credits by the amount of debits, or bills and accounts payable, under the provisions of Act 24, Extra Session of 1918.

Plaintiff company has an authorized agent in the city of New Orleans on whom process can be served, and has complied with the laws of Louisiana permitting foreign corporations to do business in the state.

[1] When plaintiff company established its domicile here and began to do business in the state of Louisiana, its person, its property, and its business became subject to the jurisdiction of this state and consequently subject to its taxing power. General Electric Co. v. Assessors, 121 La. 116, 46 So. 122; National Fire Insurance Co. v. Assessor, 121 La. 108, 46 So. 117, 126 Am. St. Rep. 313; L. & L. & G. Ins. Co. v. Assessors, 122 La. 98, 47 So. 415; L. & L. & G. Ins. Co. v. Assessor, 221 U. S. 346, 31 S. Ct. 550, 55 L. Ed. 762, L. R. A. 1915C, 903; Orient Insurance Co. v. Assessor, 221 U. S. 358, 31 S. Ct. 554, 55 L. Ed. 769.

[2] The contention of plaintiff company that the credits arising from sales made in the state to customers outside of the state are not subject to taxation, because such credits are of a transitory character and without a permanent situs within the state, is not well founded in our opinion. Such contention is not sustained by the case of Bowman-Hicks Lumber Co. v. Cole, Assessor, 151 La. 303, 91 So. 744, in which the assessments were set aside for the sole reason that the credits there involved did not arise from business done in this state. While the shipments of lumber in that case were made from plaintiff's mills located in this state, the sales were made and completed in Kansas City at plaintiff's actual domicile. The case of General Electric Co. v. Board of Assessors, 121 La. 116, 46 So. 122, is expressly approved in the Bowman-Hicks Lumber Company Case.

[3] The credits in the present case arose from business done in the state by said company, and the bills receivable were received in the state and deposited in bank here, in common with credits arising from sales to local buyers. The subsequent remittance by plaintiff company of the evidence of such credits to a bank in New York is immaterial.

"The tax being on the capital employed in the business, stock in trade, money and credits are valued for the purpose of arriving at the average amount of the capital actually employed. Section 7, Act 170, 1898. For this purpose, it can make no difference whether sales have been made for cash, or on credit, or that the money, or evidence of credit, has been sent out of the state. The plaintiff could not do business in this state without the continuous employment of capital, and it is this capital, and not its varying factors, that the state seeks to tax." Bertron, Griscom & Jenks v. City of New Orleans, 131 La. 73, 59 So. 19.

[4] 2. The credits in this case were subject to assessment under section 7 of Act 170 of 1898, Act 15, Extra Session of 1917, and under the provisions of Act 24, Extra Session of 1918.

Plaintiff company has attacked the constitutionality of Act 15, Extra Session of 1917, on the ground that said act has more than one object, in contravention of article 31 of the Constitutions of 1898 and of 1913, providing that no law shall embrace more than one object, and on the further ground that said act is in violation of article 225 of the Constitutions of 1898 and of 1913, requiring that all taxation shall be equal and uniform, because of the exemption of insurance companies from the provision of said act. The constitutionality of Act 24, Extra Session of 1918, is assailed on the last ground above mentioned, as banks and trust companies are exempted from its operation, as to assessment.

Section 7 of Act 170 of 1898 provides:

"That in assessing mercantile firms the true intent and purpose of this act shall be held to mean, the placing of such value upon the stock in trade, all cash, whether borrowed or not, money at interest, open accounts, credits, etc., as will represent in their aggregate a fair average on the capital, both cash and credit, employed in the business of the party or parties to be assessed. And this shall apply with equal force to any person or persons representing in this state business interests that may claim a domicile elsewhere, the intent and purpose being that no nonresident, either by himself or through any agent shall transact business here

without paying to the state a corresponding tax with that exacted of its own citizens; and all bills receivable, obligations or credits arising from the business done in this state are hereby declared assessable within this state, and at the business domicile of said nonresident, his agent or representative."

The first paragraph of said article expressly includes within the operation of the act, "Every insurance company doing business in this state."

In interpreting the scope of section 7 of Act 170 of 1898, the Supreme Court of this state held, in National Fire Insurance Co. v. Board of Assessors, 121 La. 111, 46 So. 117, 126 Am. St. Rep. 313, that its provisions applied to persons, firms, companies, associations and corporations, irrespective of what may be the character of their business, and especially to insurance companies.

Act 15, Extra Session of 1917, is an act to provide for the levying of an assessment on all of the property of nonresident persons, firms, corporations, partnerships, associations or companies doing business in the state of Louisiana. The class of property defined in said act is credits, and it is expressly provided in section 1 of said act that this class of property of nonresidents is subject to assessment and taxation in the same manner as all other property in the state of Louisiana. Section 2 of said act declares:

"That the notes, judgments, accounts and credits of such nonresident persons, firms, corporations, partnerships, associations, or companies doing business in the state of Louisiana, originating from the business done in this state, be and the same is hereby declared to be property with its situs within this state, and subject to taxation at the business domicile in this state of the said nonresident person, firm, corporation, partnership, association, or company, or their business agent or representative, under the same rules and in the same manner that property of a like nature is assessed and taxed within the state of Louisiana," i. e., in accordance with section 7 of Act 170 of 1898, the only law in force on the subject at the date of the adoption of said act.

Section 3 of Act 15, Extra Session of 1917, provides:

"That all laws and parts of laws in conflict herewith be and the same are hereby repealed, but nothing herein shall effect [affect] the law now in force with reference to the levying, assessing and collecting of taxes from fire, life or other insurance companies."

The law then in force as to insurance companies was section 7 of Act 170 of 1898. Therefore, Act 15, Extra Session of 1917, does not provide a different law for levying, assessing, and collecting taxes from nonresident insurance companies than from other nonresidents.

Act 24, Extra Session of 1918, is an act to provide for the manner of assessing credits, open accounts, bills receivable, judgments, and all promissory notes. Section 1 of said act declares:

"That all credits, including open accounts, bills receivable, judgments, all promissory notes not exempt from taxation shall be assessed in the same manner as all other personal property, but shall be offset and lessened by the actual bona fide accounts payable, bills payable and other liabilities of a similar character and which are not exempt from taxation, of the corporation, partnership, firm, or individual in whose name the said credits are assessed, provided, that any indebtedness due by branch houses or subsidiary corporations to the parent company or corporation, or by corporations, the majority of whose stock is owned and controlled by another corporation, or by its stockholders, engaged in the same business, due to that other corporation so owing its capital stock, shall not be so deducted, and provided further that the provisions of this act shall not apply to the assessment of banks and trust companies."

It is to be observed that section 7 of Act 170 of 1898, Act 15, Extra Session of 1917, and Act 24, Extra Session of 1918, are all laws in pari materia, relating to the same subject-matter, the assessment and taxation of "credits," and must be construed with reference to each other. R. C. C. art. 17.

Section 7 of Act 170 of 1898, however, alone fixes the method of assessment of cred-its by the placing of such value upon this class of property as will represent in the aggregate "a fair average in the capital, both cash and credit, employed in the business of the party or parties to be assessed."

This method of assessment has been changed by neither of the subsequent acts of 1915 and of 1918, the latter act allowing merely an offset, by bills payable, to credits assessed in the mode prescribed by section 7 of Act 170 of 1898.

[5, 6] If it be conceded, for the sake of argument, that the effect of Act 15, Extra Session of 1917, is to exempt insurance companies from the assessment of "notes and judgments," owned by them as credits, in violation of articles 225 of the Constitutions of 1898 and of 1913, and in contravention of the Fourteenth Amendment, the unconstitutionality of this statute (upon which we express no opinion) would not avail plaintiff company, for the reason that Act 24, Extra Session of 1918, applies in full force and equally to all corporations, resident and nonresident, as to the assessment and taxation of all credits, including notes and judgments, and the exemption of banks and trust companies from this particular method of assessment is a legitimate exercise of the powers of taxation by the state, as said banks and trust companies are assessed and taxed by the state under a different system adjusted with reference to the valuation of this kind of property. Act 169 of 1916. Tappan v. Merchants' Bank, 19 Wall. 490, 504, 22 L. Ed. 189, 195; Travelers' Ins. Co. v. Connecticut, 185 U. S. 372, 22 S. Ct. 673, 46 L. Ed. 954; Cudahy Packing Co. v. State of Minnesota, 246 U. S. 450, 38 S. Ct. 373, 62 L. Ed. 827.

[7] A mere inspection of the titles of Act 15, Extra Session of 1917, and of Act 24, Extra Session of 1918, shows that they embrace but one object or purpose, to wit, the assessment and taxation of credits. The defining, in the title of Act 15, Extra Session of 1917, of this class of property, the fixing of

its status, its subjection to taxation, the provision as to the manner of collecting taxes thereon, and the exemption of insurance companies from the provisions of the act, are but the means provided for the accomplishment of its object and are appropriate and referable to that object. Article 31 of the Constitutions of 1898 and of 1913 does not prohibit the embracing in a statute of the means provided for the accomplishment of its object, nor does the fact that such provision is made render the statute open to the objection that it embraces more than one object. Louisiana State Board v. Tanzmann, 140 La. 756, 73 So. 854, L. R. A. 1917C, 894, Ann. Cas. 1917E, 217; Thomas v. School Directors, 136 La. 499, 67 So. 345; Board v. Fowler, 50 La. Ann. 1367, 24 So. 809; State v. American Sugar Refining Co., 106 La. 553, 31 So. 181.

[8] It is patent that a legal assessment of the credits of a corporation cannot be made without the placing of such value upon such property "as will represent in the aggregate a fair average on the capital, both cash and credit, employed in the business," as required under section 7 of Act 170 of 1898, and then offsetting this valuation by the "actual bona fide accounts payable, bills payable, and other liabilities," as required by Act 24, Extra Session of 1918.

These acts, therefore, coexist and co-operate in the assessment of this particular class of property.

[9] 3. We find in neither act any provision violating the Constitution of the state as to the requirement of equal and uniform taxation, nor any provision denying to nonresident corporations equal protection of law, or depriving such corporations of property without due process of law, in contravention of the Fourteenth and Fifth Amendments to the federal Constitution, as contended by able counsel of plaintiff company.

In passing upon the constitutionality of Act 170 of 1898, section 7, and in affirming the decision of this court, the Supreme Court of the United States, in Metropolitan Life Ins. Co. v. New Orleans, 205 U. S. 398, 27 S. Ct. 500, 51 L. Ed. 855, used the following language:

"The evident purpose of this law is to lay the burden of taxation equally upon those who do business within the state. It requires that in the valuation for the purposes of taxation of the property of mercantile firms the stock, goods and credits shall be taken into account, to the end that the average capital employed in the business shall be taxed. This method of assessment is applied impartially to the citizens of the state and to the citizens of other states or countries doing business, personally or through agents, within the state of Louisiana. To accomplish this result, the law expressly provides that 'all bills receivable, obligations or credits arising from the business done in this state shall be assessable at the business domicile of the resident.' Thus it is clear that the measure of the taxation designed by the law is the fair average of the capital employed in the business. Cash and credits and bills receivable are to be taken into account merely because they represent the capital and are not to be omitted because their owner happens to have a domicile in another state. The law was so construed by the Supreme Court of Louisiana, where, in sustaining the assessment, it was said:

" 'There can be no doubt that the seventh section of the Act of 1898, quoted in the judgment of the district court, announced the policy of the state touching the taxation of credits and bills of exchange representing an amount of the property of nonresidents equivalent or corresponding to said bills or credits which was utilized by them in the prosecution of their business in the state of Louisiana. The evident object of the statute was to do away with discrimination * * * existing in favor of nonresidents as against residents, and place them on an equal footing. The statute was not arbitrary but a legitimate exercise of legislative power and discretion.' "

[10] 4. We fail, therefore, to see wherein the tax levied in this case, or in any similar case, involves, or would involve, double taxation when "the measure of the taxation designed by the law is the fair average value of the capital employed in business," and

"cash and credits and bills receivable are taken into account," as well as "the stocks and goods," merely because "they represent a proportionate part of the capital." This contention of plaintiff company is not well founded.

[11] 5. The amount of the tax in this case does not vary in proportion to the amount of the business done, but is an ad valorem tax levied upon the gross proceeds of sales made in interstate commerce, and therefore is not a direct or immediate burden upon interstate commerce. For this reason, neither Act 170 of 1898, section 7, nor Act 24, Extra Session. of 1918, contravenes the interstate commerce clause of the federal Constitution (Const. U. S. art. 1, § 7, subd. 3) as asserted by plaintiff company. Krauss Bros. Lumber Co. v. Board of Assessors, 148 La. 1064, 1065, 88 So. 397.

[12] 6. The contention of plaintiff company that its credits were exempt from taxation by virtue of section 4 of article 10 of the Constitution of 1921 has been determined adversely to plaintiff company, and is finally settled by the decision of this court in the well-considered case of State ex rel. Henderson v. Jeter, 151 La. 1011, 92 So. 594.

[13] 7. The contention of plaintiff company that the failure of the assessors of the parish of Orleans to complete the tax rolls by July 1, 1912, effected an exemption has been decided adversely to plaintiff company in the cases of Oden v. Industrial Lumber Co., 153 La. 734, 96 So. 549; and Lemoine v. Morrow, 154 La. 601, 97 So. 875.

Notwithstanding the delay of the assessors of the parish of Orleans in this case in completing, at the dates·required by the resolutions adopted by the Louisiana tax commission, the listing of the property in the parish of Orleans for assessment, the giving of notice as to the completion and opening of the assessment list for inspection, in presenting a complete set of assessment lists to the board of equalization of the city of New Orleans, etc., plaintiff company has had the full benefit of due process of law in taking all necessary steps to entitle it to bring this suit, and to attack the assessment of which it complains. The legal rights of plaintiff company have been affected in no manner by the delay, which, in the absence of proof to the contrary, must be assumed by the court was demanded by the exigencies of the case.

The demands of plaintiff company were properly rejected at the cost of said company by the court below.

Judgment affirmed.