BRUNOT, J.
 

 This is a suit for the cancellation of an assessment based on “credits.” The prayer of plaintiff'is for an injunction restraining the sheriff from collecting taxes upon such an assessment for the year 1929, and restraining the tax assessor from assessing plaintiff’s credits, and the tax collector from collecting taxes on such an assessment for the year 1930; or for any year thereafter. The suit was met by an exception of no cause of action. The exception was sustained, the injunction was denied, and plaintiff appealed.
 

 Plaintiff is a Louisiana corporation, operating under the provisions of Act No. 7 of the Extra Session of the Legislature for the year 1928, and is engaged exclusively in the business of making loans of $300 or less. Plaintiff rendered to the tax assessor for assessment for the year 1929 its office fixtures, furniture, etc., necessary for the conduct of its business. Thereafter the assessor entered on the assessment rolls, against plaintiff, the further sum of $88,000, as the value of its credits, thus increasing the taxes of plaintiff for the year 1929 from $18.95, the tax due on its valuation of its office fixtures and furniture, to $754.30. Before the taxes became delinquent, plaintiff tendered to the tax collector of Caddo'parish $18.95, in payment of the taxes due by it on its return to the assessor. The tender was refused, and,this suit was filed.
 

 Plaintiff alleges that the assessment complained of is null and void for five reasons, viz. Want of authority in law for assessing its credits. Exemption of petitioner’s business from any tax or license other than $200 to be paid to the state bank examiner at the beginning of each year. Payment of the fee of $200 annually to the state bank commissioner is in lieu of all other state licenses, occupational taxes, fees, or other impositions whatsoever. The assessment of plaintiff’s credits violates the equal protection clause of the Federal Constitution (Amendment 14, § 1). The assessment of credits violates section 4 of article 10 of the Constitution of Louisiana of 1921.
 

 We will consider plaintiff’s contentions in their inverse order.
 

 Section 4 of article 10 of the Constitution of 1921 does not exempt credits from assessment and taxation. The pertinent part of the section follows:
 

 “The following property, and no other, shall be exempt from taxation: * * * Cash on hand or on deposit; loans or other obligations secured by mortgage on property located exclusively in the State of Louisiana, and the notes or other evidence thereof; loans by lifp insurance companies to policyholders * * * loans by homestead associations * * * debts due for merchandise or other articles of commerce or for services.”
 

 In the case of State ex rel. Henderson v. Jeter, 151 La. 1011, 92 So. 594, it is held that credits are not exempt from taxation by section 4 of article 10 of the Constitution of 1921. In the case of Bemis Brothers Bag Company v. Louisiana Tax Commission, 158 La. 2, 103 So. 337, 341, this court said:
 

 “The contention of plaintiff company that its
 
 credits
 
 were exempt from taxation by virtue of section 4 of article 10 of the Constitution of 1921 has been determined adversely to plaintiff company, and is finally settled by
 
 *109
 
 the decision of this court in the well-considered case of State ex rel. Henderson v. Jeter, 151 La. 1011, 92 So. 594.”
 

 The assessment of credits for purposes of taxation applies equally and uniformly to all persons similarly situated. The law makes no distinction; hence it cannot be held to violate the equal protection clause of the Constitution of the United States.
 

 If Act No.
 
 7
 
 of the Extra Session of the Legislature for the year 1928 is to be given the effect contended for by counsel for plaintiff, we would have a situation presented whereby a legislative act exempts from taxation something of assessable value which the Constitution says shall not be exempt. The words of the Constitution are:
 

 “The following property,
 
 and no other,
 
 shall be exempt from taxation.”
 

 We do not think it was the legislative intent to give Act No. 7 of the Extra Session of 1928 such effect. If, however, we are mistaken, the act would not stand the test of constitutionality. The warrant or authority for making the assessment, and for the imposition of the tax, rests upon the fact that credits are intangible property of value. The Constitution does not exempt such property from taxation, but specifically provides that all property of .every kind and description, in the state, shall be assessed at its actual value, and, except such property as the Constitution exempts from taxation, shall be subject to taxation.
 

 For the reasons stated, it is our opinion that the exception of no cause of action, filed by defendants, was properly sustained. It is not necessary to consider the merits of the exception of misjoinder, and we have omitted to do so. It is decreed that the judgment appealed from be affirmed, at appellant’s cost.