## New Orleans Canal and Banking Co. *v.* A. Shrœder & Co.

The act of 15th of March, 1847, which declares, that no citizen of another State shall hereafter be arrested in this State, at the suit of a resident or non-resident creditor, except in cases where it shall be made to appear, by the oath of the creditor, that the debtor has absconded from his residence, applies to the citizens of the States of this Union only—not to the citizens of foreign States, or countries.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *E. A. Bradford*, for plaintiff. *H. Gaither*, for defendant.

By the court:

Dunbar, J. This is an appeal from a judgment, dismissing a rule to set aside an arrest.

The defendant contends, that the arrest should have been set aside upon the ground that it is not alleged in the affidavit for arrest, that he had absconded from his residence. That this is required by the Act of the Legislature of Louisiana, approved the 28th March, 1840, entitled an act to abolish imprisonment for debt, the 9th section of which, as amended by the act approved the 18th March, 1847, reads as follows: " That no citizen of another State shall hereafter be arrested in this State, at the suit of a resident or non-resident creditor, except in cases where it shall be made to appear, by the oath of the creditor, that the debtor has absconded from his residence."

The affidavit states that the defendant, *A. Schrœder*, resides out of the State of Louisiana, at Havre, in France, and the evidence shows him to be a native of Hamburg.

In determining the meaning to be given to the words, "citizen of another State," in these acts of our Legislature, we must be governed by the well established principle of law, which has been embodied in the 14th article of our Civil Code: " That the words of a law are generally to be understood in their most known and usual signification, without attending so much to the niceties of grammar rules, as to the general and popular use of the words." There can be no doubt, we apprehend, that in their most known and usual signification, the words " citizen of another State," mean, or convey to our minds the idea of a citizen of another State of this Union, and, we think, if the Legislature had intended to include in this provision of the act of 1840, the subjects or citizens of a foreign prince or government, it would have said so in plain and positive terms.

There is also another rule for the construction of statutes, in the Civil Code, apposite to the present case. Art. 18 declares, that " The most universal and effectual way of discovering the true meaning of a law, when its expressions are

<div style="float:left;">NEW ORLEANS<br>CANAL AND<br>BANKING Co.<br>*v.*<br>SHRŒDER.</div>

dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it." From the great monetary crisis of 1837, and the pecuniary embarassments of all the citizens and States of this Union that ensued up to the 28th March, 1840, the date of the passage of the act under consideration, it is a matter of history well known to all, that very numerous arrests for debt were made in this State, and particularly in New Orleans, of the citizens of our sister States, who were found transiently in this city, either for business or pleasure, and to such an extent had this been carried, that it was found to interfere materially with the trade and commerce of the city and State. It was to remedy this evil, that, we believe, the law was enacted, without reference to the citizens or subjects of a foreign country, State, or kingdom.

It is true, that imprisonment for debt is a relic of barbarism, which is fast disappearing in the progress of civilization, but the total abolition of it in Louisiana depends not upon the courts, but upon the wisdom and humanity of the legislative branch of our government. We, therefore, have to decide, that it was not necessary in this case for the plaintiff to make oath, that the defendant had absconded from his residence.

Upon the second ground of defence, that the defendant was not about to depart permanently from the State, without leaving in it sufficient property to satisfy plaintiff's demand, after a careful perusal of the evidence, we cannot say that the district judge erred.

It is therefore ordered, adjudged and decreed, that the judgement of the district court be affirmed, with costs, &c.