47a 65<br>51 1629<br>51 1630

STATE EX REL ACHILLE E. PICARD VS. EMILE ROST, JUDGE.

State *ex rel.* Kuhlman vs. Judge, *ante,* p. 53, affirmed.

APPLICATION for Writs of Prohibition.

*Hamilton N. Gautier, J. L. Gaudet* and *E. Howard McCaleb* for Relator.

*Gustave V. Soniat* for Respondents.

The opinion of the court was delivered by

NICHOLLS, C. J.   The pleadings and issues in this case are similar to those in the case of State of Louisiana *ex rel.* B. J. Kuhlman vs. Emile Rost, Judge, *et al.,* No. 11,599, *ante,* p. 53.   The decision in that case controls the present one.

For the reasons therein assigned, it is ordered, adjudged and decreed that the writ of prohibition which issued in the present matter be perpetuated, and that the injunction granted by the Judge of the Twenty-first Judicial District Court of the State of Louisiana, for the parish of St. Charles, in the matter of R. P. LeSassier vs. A. E. Picard, No. 78 on the docket of that court, be and the same is hereby set aside and discharged.

Rehearing refused.

## No. 11,691.

SHREVEPORT GAS, ELECTRIC LIGHT AND POWER COMPANY VS. ASSESSOR OF CADDO PARISH.

47   65<br>Case 2<br>123  1002

The capital and machinery employed in the manufacture of illuminating gas for street-lighting are not exempt from taxation, under the terms of the amendment to the two hundred and seventh article of the Constitution, exempting the capital and machinery employed in the manufacture of chemicals.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*Wise & Herndon* for Plaintiff and Appellant.

*J. R. Land,* District Attorney, and *T. C. Barrett* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J.   The plaintiff claims exemption on its plant and property engaged and employed in the manufacture of gas—that is to say, illuminating gas for street lighting and other purposes in the city of Shreveport.   This claim is made under the terms of an amendment to Art. 207 of the Constitution, which declares that " capital, machinery and other property employed in the manufacture of fertilizers and *chemicals* are exempt from taxation."

The inquiry is, is gas a chemical within the meaning and intendment of the constitutional amendment?

The full text of the article, as amended, reads thus:

" There shall be exempted from taxation the capital, machinery and other property employed in the manufacture of textile fabrics, leather, shoes, harness, saddlery, hats, flour, machinery, agricultural implements; the *manufacture* of ice, *fertilizers and chemicals,* and furniture and other articles of wood, marble or stone, soap, stationery, ink and paper, boat building and chocolate; *provided,* that not less than five hands are employed in any one factory."   See Acts of 1886, No. 92.

The plaintiff interrogated several scientific gentlemen of this city on the subject, two of whom expressed the deliberate opinion that gas is recognized as a chemical, but the third said it is a disputed question.

One of the two gentlemen who affirmed that gas is a chemical, founded his opinion rather upon the abstract interpretation that is placed upon the term by lexicographers, than upon a scientific knowledge of his own, as the following extract from his testimony will show, viz.:

" We call attention to the answer of Prof. Caldwell to the sixth interrogatory, in which he is asked, if in his opinion gas can be properly called a chemical: ' Yes, for the reason that it accords with the definitions of the word chemical as given in our standard dictionaries, which are: "A substance used for producing chemical effects; a substance produced by a chemical process; a chemical agent prepared for scientific or economic use."   The destructive distillation, by which it is produced, and the subsequent burning of it, by which it is utilized, are undoubtedly chemical.'

" To the first cross-interrogatory he says: ' It is very difficult, if not impossible, to give a perfectly satisfactory single definition of such a term as "chemical;" in my opinion the best answer to the question will be found in the Century Dictionary, in these words: "A substance produced by a chemical process; a chemical agent prepared for scientific or economic use.' "

But we are of opinion that the object had in view by the framers of the constitutional amendment was just the same as that which was in the mind of the framers of the original article; and of it this court said in Jones vs. Raines, 35 An. 998:

" The object of the exemptions created by this provision of the Constitution was to encourage and foster the establishment of manufactures of the various articles daily needed by a people engaged mainly in agricultural pursuits, such as leather, harness, machinery, agricultural implements, etc., the products then very little known within the borders of the State."

The words and terms of a constitutional article, like those of a law, are to be understood in their most usual signification; and in order to ascertain the true meaning of a statute, the reason and spirit of it should be considered, and also the cause which superinduced its enactment.

This is the accepted canon of construction of statutes, and equally so of the Constitution.

We are not to consider the terms employed in an article of the Constitution from a scientific point of view, as we do not regard it to have been the intention of the framers of the amendment that they should be so considered and construed.

We do not understand that illuminating gas is generally understood to be a chemical, and it is for that reason, presumably, that plaintiff resorted to scientific information on the subject.

This court has uniformly maintained and steadily adhered to the principle that all exemptions from taxation are to be rigidly and strictly construed, and that all legal presumption on that subject will be construed unfavorably to it.

From this standpoint we think it evident that the plaintiff has not made clear and indisputable its right of exemption; and as taxation is the *rule*, and exemption thereform the exception, its demand must be refused.

Judgment affirmed.