(35 South. 729.)

No. 14,956.

BAYOU COOK NAVIGATION & FISHER-
IES CO., Limited, v. DOULLUT et al.

(Jan. 4, 1904.)

CORPORATIONS—PUBLIC IMPROVEMENTS—POW-
ERS—EMINENT DOMAIN—MERCAN-
TILE PURSUITS.

1. Among the purposes for which corpora-
tions may be formed in this state by notarial
act are those for engaging in mercantile busi-
ness and for carrying on works of public im-
provement. The latter corporations enjoy the
privilege of expropriating private property for
their use, but they are forbidden to engage in
mercantile business. In view of this prohibi-
tion, it is not possible to form a corporation
for both of these incompatible purposes, and an
act of incorporation which attempts to do so is
fatally defective, and fails to create a corpora-
tion.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish
of Plaquemines; Robert Hingle, Judge.

Action by the Bayou Cook Navigation &
Fisheries Company, Limited, against M. P.
Doullut and others. Judgment for plaintiff,
and certain defendants appeal. Reversed.

A. E. & O. S. Livaudais, for appellants.
John Dymond, Jr., for appellee Bayou Cook
Navigation & Fisheries Co., Limited. Alvin
E. Hébert, for appellee Doullut.

PROVOSTY, J. This is an expropriation
suit. The defenses are: First, that plain-
tiff has no right to stand in judgment in the
suit; second, that more property is sought
to be expropriated than is needed; and, third,
that only $600 has been offered for the prop-
erty, whereas it is worth over $2,100.

The denial of plaintiff's right to stand in
judgment is based on the supposed infor-
mality or illegality of plaintiff's incorpora-
tion. The facts in connection with this de-
fense are the following: Plaintiff is a cor-
poration organized under the general laws
of this state authorizing private persons to
organize themselves into corporations by com-
plying with certain formalities. Among the
purposes for which, under these laws, pri-
vate persons may thus organize themselves
are the construction and carrying on of
works of public improvement (sections 683–
686, Rev. St., as amended by Act No. 154, p.

288, of 1902), and the carrying on of a mer-
cantile business (Act No. 36, p. 27, of 1888).
By these same enabling laws the purpose for
which the corporation is created is required
to be stated in the act of incorporation, and
by the Constitution of the state it is pro-
vided that "no corporation shall engage in
any business other than that expressly au-
thorized by its charter or incidental thereto."
Article 265. Corporations organized for the
purposes of works of public improvement en-
joy the right to expropriate property for
carrying out the object of their incorpora-
tion; mercantile corporations do not possess
the same privilege. Corporations organized
for works of public improvement are ex-
pressly forbidden to "engage in mercantile
business." Act No. 154 of 1902, p. 288, § 1,
in fine.

Plaintiff has been incorporated for both of
these incompatible purposes. Its charter de-
clares that it is organized for the purpose of
the construction and operation of a naviga-
tion canal—a work of public improvement—
and also for the purpose of carrying on a
mercantile business.

Thus it appears that, notwithstanding the
prohibition of the statute against corporations
for works of public improvement engaging in
mercantile business, the attempt has been
made in organizing plaintiff to create a cor-
poration that would be at the same time a
works of public improvement corporation and
a mercantile corporation.

It is plain that this was an attempt to do
the impossible, and that the act of incorpora-
tion is fatally defective, and that no corpora-
tion has been created, and that this first de-
fense is well founded. The enabling laws
authorize the creation of the two kinds of
corporation, but expressly prohibit the fusing
of the two into one, and this prohibited thing
has been attempted to be done. The result
is that nothing has been done—no corpora-
tion has been created.

The learned and able counsel for defend-
ant argues that, it being manifest that the
main purpose of the organization of plain-
tiff is the digging and operating of the canal,
that purpose must be held to be the sole pur-
pose, and the other, or subsidiary purpose
of merchandising, be treated as surplusage
in the charter; that, as a matter of fact,
plaintiff has not thus far engaged in mercan-

tile business, and that, if it ever does, it will be acting ultra vires, and the act will not be that of the corporation itself, but of its members. The learned counsel—most ingeniously, it has to be admitted—likens the case to that of a corporation to which have been given powers unauthorized by law, and also to the case of a corporation doing acts ultra vires; in which cases the integrity of the corporation is not impaired, but only the unauthorized powers, or the ultra vires acts, are stricken with nullity.

This argument, however, will not stand the test of close scrutiny. In the first place, if two purposes, for each of which specially the law requires the corporation to be organized, can be recited in the act of incorporation, and the one or the other be left to take the upper hand, and become the main or sole purpose, accordingly as the courts may thereafter decide, or according to the business the corporation may engage in, it would follow that all the purposes for which under our laws corporations are authorized to be created may be enumerated in the act of incorporation, and the character of the corporation be left to be determined hereafter by the courts, or by the business it engages in—a banking, a religious, or a mercantile corporation, accordingly as it conducts a bank, a church, or a store. To say the least, this is making exceedingly light of the express requirement of the enabling acts that the purpose of the incorporation must be stated in the act of incorporation; not to mention the constitutional prohibition that corporations shall not engage in any business not expressly authorized by their charter. Let it be noted that to include in the act of incorporation all the purposes for which under the laws corporations may be created, and to specify none, would be in effect to circumvent the statute, and not to comply with it; for, if the act of incorporation, in stating the purpose of the creation of the corporation, strings out all the purposes for which corporations may be created, any one reading it will not be better advised of the real or particular purpose of the incorporation than if nothing had been said on the subject.

But waiving this, and granting that such a fusing of all the different kinds of corporations into one, or such a conferring upon one corporation all the powers that under the laws the different kinds of corporations may be endowed with, is admissible so long as no incompatible purpose is stated, certainly it ceases to be admissible where one of the main purposes is incompatible with the rest. The combination then becomes an impossible one—a fire and gunpowder combination, as it were. It then becomes necessary to eliminate from the act the incompatible purpose, and the doing of this would be no more nor less than the substituting to the contract of the incorporators a new and different contract; one, possibly, they would not have been willing to subscribe to. Non constat that the subscribers to plaintiff's act of incorporation would have been willing to join in the act if the corporation was not to enjoy the right to engage in mercantile business, or, vice versa, if the corporation was not to engage in the work of constructing the canal. The case is not one of unauthorized powers being sought to be conferred in addition to the powers that are authorized, nor of a corporation undertaking to do acts ultra vires, but it is the case of a fatally defective act of incorporation. It is the case of an attempt to create in one act two distinct and different corporations incompatible with each other, or of an attempt to fuse into one two distinct and incompatible corporations. If the enabling laws did not authorize the creation of a mercantile corporation, then all the words of the act relating to a mercantile corporation might possibly be treated as meaningless and surplusage; but, unfortunately for plaintiff, the enabling laws do authorize the creation of mercantile corporations, and those parts of the act of incorporation which seek to make plaintiff a mercantile corporation are as pertinent as those which seek to make it a works of public improvement corporation. The purpose to make plaintiff a mercantile corporation stands out of the act as expressly as the purpose to make plaintiff a works of public improvement corporation; hence the act must be taken as having either created a corporation combining these two purposes or created none at all; and since the two purposes are, under the prohibition of the statute, incompatible, the other alternative must be adopted that no corporation at all has been created.

The following extract from Thompson on

Corporations, vol. 1, p. 142, § 231, lends support to the views here expressed:

"The acts of incorporation must specify the objects of the association in substantial compliance with the governing statute. Where the law requires the acts of incorporation to state distinctly and definitely the purpose for which it is formed, if they do not so state, or if they do not state a purpose for which the statute authorizes a corporation to be formed, it will not be legally incorporated, and its acts will afford no warrant for the exercise of corporate action. The purpose and intent of the corporation must be ascertained solely from the articles, and it has been said cannot be aided, varied, or contradicted by evidence outside of the instrument itself."

On the second defense, all that need be said is that admittedly more land is being taken than is needed, and that this cannot be done.

As to the third defense, when plaintiff shall have made out and submitted a plan showing exactly the limits of the property needed, it will be time enough to consider the question of value.

In view of the fact that another suit may be brought for the expropriation of this property, and that the same witness Isaac L. Haspel may be produced and testify as to the value of the property in question, the court deems it proper to add that it has considered the question of the admissibility of the evidence going to show the circumstances under which the said witness acquired this property, and is of opinion that the evidence is admissible. The witness bases his estimate of the value of the property in great part upon the fact that not more than a certain amount was offered him for the property, and that he himself sold it for a particular amount. The evidence is offered for the purpose of showing that the witness had no title, and that his rights to the property were worth very little; and that what was offered for his rights, or what he was willing to accept for them, is no indication of the value of the property itself. The evidence was admissible in rebuttal.

Judgment set aside, and suit dismissed, at the cost of plaintiff in both courts.

BREAUX, J., concurs in the decree.