(37 South. 209.)

No. 15,359.

STATE ex rel. CITY OF NEW ORLEANS v. ELLIS, Judge.

(Aug. 19, 1904.)

EMINENT DOMAIN—EXERCISE OF RIGHT—
PROCEDURE—APPEAL—INJUNCTION.

1. The state has imposed upon itself and upon the political corporations established by it the same conditions in the respect to the exercise of the power of eminent domain as are imposed upon other corporations to which that power is granted.

2. The mere determination of the state or of a political corporation to expropriate property does not devest the title of the owner, and the courts ought not at that stage to interfere with the owner's dominion, save to the extent necessary for the ultimate accomplishment of the purpose contemplated by proposed expropriation.

(Syllabus by the Court.)

Application by the state, on the relation of the city of New Orleans, for writs of mandamus, certiorari, and prohibition to T. C. W. Ellis, judge of Division A, civil district court, parish of Orleans. Writs denied.

Samuel Louis Gilmore, City Atty., and Arthur McGuirk, Asst. City Atty., for relator. Henry Laurence Lazarus and Frank McGloin, for respondent.

MONROE, J. By Civ. Code, art. 2630, and Acts No. 96, p. 142, of 1896 and No. 227, p. 457, of 1902, the state has imposed upon itself, and upon the political corporations established by it, the same conditions with respect to the exercise of the power of eminent domain as are imposed upon other corporations to which that power is granted.

Where the owner objects that the quantity of land sought to be expropriated exceeds that which is necessary for the purpose intended, the question so presented, as also the question of the value of the land, must be submitted to the jury, and is subject to appeal. Civ. Code, art. 2636; N. O. Terminal Co. v. Firemen's Charitable Association (No. 15,158, docket Sup. Ct.); Bayou Cook Nav. & Fisheries Co., Ltd., v. M. P. Doullut et al., 35 South. 729, 111 La. 517; Board of Levee Com'rs v. Jackson's Estate, 36 South. 912, 113 La. 124.

From these premises it may well be argued that the question of the necessity of taking any land at all must be submitted to the jury, if raised by the owner, and is subject to appeal; and it seems clear that the mere determination of the state, or of a political or other corporation, to expropriate particular property, does not devest the title of the owner thereto; and, whilst the actual institution of expropriation proceedings, or the issuance of an injunction or other conservatory writ in connection therewith, or both, may operate to prevent the owner from so using the property as to destroy its availability for the purpose contemplated by such proceedings, the courts ought not at that stage to interfere with the owner's dominion, save to the extent necessary for the possible ultimate accomplishment of such purpose.

In the instant case, the shade and ornamental trees being still preserved by the injunction, the possible digging of wells, destruction of undergrowth, and erection of buildings (assuming that the owners will, under existing conditions, expend money in that way) cannot materially affect the availability of the property in question for the purposes of a public park.

We are therefore of opinion that the applicant herein will sustain no irreparable injury from the order dissolving the injunction on bond, save in so far as it restrains the defendants from destroying the shade and ornamental trees, and that a mandamus to compel

the judge a quo to grant a suspensive appeal from such order ought not to issue. The writs prayed are accordingly denied.