154 So. 36

STATE ex rel. PORTERIE, Atty. Gen., v. LOUISIANA HIGHWAY COMMISSION et al.

No. 32788.

March 26, 1934.

Gaston L. Porterie, Atty. Gen., and George M. Wallace and James O'Connor, Asst. Attys. Gen., for appellant.

H. Payne Breazeale and D. M. Ellison, both of Baton Rouge, and Lewis L. Morgan, of Covington, for appellees Louisiana Highway Commission and others.

Burford & White, of Shreveport, for appellee Louisiana & A. Ry. Co.

ROGERS, Justice.

This is a suit brought by the state of Louisiana, on the relation of Gaston L. Porterie, Attorney General, under the provisions of section 56 of article 7 of the State Constitution, to enjoin the issue, sale, and delivery of bonds under Act No. 3 of the Extra Session of 1930, for the purpose of defraying the cost of constructing a combination highway and railroad bridge across the Mississippi river at or near the city of Baton Rouge, and, also, the carrying out of a contract of lease covering the use of the railroad portion of the bridge.

The defendants are the Louisiana highway commission, the state advisory board (created by Act No. 3 of the Extra Session of 1930), Oscar K. Allen, Governor of Louisiana, L. B. Baynard, Jr., state auditor, Jess S. Cave, state treasurer, E. A. Conway, secretary of state (as the four officials charged with the duty of signing the bonds issued under Act No. 3 of the Extra Session of 1930), the board of liquidation of the state debt (as the authority to approve all leases of combination bridges built by the highway commission under section 9 of Act No. 266 of 1928, a constitutional amendment), and the Louisiana & Arkansas Railway Company, with which the contract of lease was entered into.

The court below denied the injunction and rejected plaintiff's demands. Plaintiff has appealed.

The facts are admitted and, briefly stated, are as follows, viz.:

The Louisiana highway commission, with the approval of the state advisory board, proposes to construct across the Mississippi river at or near the city of Baton Rouge a combination vehicle and railroad bridge, the primary purpose of which is to complete the connection of the paved state highways across the river at Baton Rouge. The map of the proposed paved highway routes, as set forth in Act No. 3 of the Extra Session of 1930, shows there are four paved highways east of the river and three paved highways west of the river to be connected.

The total cost of the proposed bridge with approaches is estimated at $7,000,000, and the Louisiana highway commission has applied to the Federal Emergency Administration of Public Works for a loan and grant based on that estimate. In projects of this character, the Federal Emergency Administration of Public Works contributes 30 per cent. of the cost, which in the construction of the proposed bridge would amount to a contribution of approximately $2,000,000, leaving the balance of $5,000,000 to be paid by the state.

The highway commission with the approval of the board of liquidation of the state debt has entered into a lease with the Louisiana & Arkansas Railway Company covering the use of the railroad portion of the bridge, and

proposes to enter into similar contracts with the trustees of the Missouri Pacific Railroad Company and the New Orleans, Texas & Mexico Railway Company, which leases, however, are not to be exclusive, but are to be subject to the right of use by any other carrier on such conditions as may be prescribed by the highway commission. Under the terms of the lease contracts the railroad companies will pay a sum sufficient over a period of fifty years to reimburse the state for the cost of the bridge, plus all interest.

To secure the required $5,000,000, the highway commission, with the approval of the state advisory board, proposes to sell to the Federal Emergency Administration of Public Works bonds of the par value of that amount under the authority of Act No. 3 of the Extra Session of 1930, and, as additional security, to pledge the lease contracts entered into between the highway commission and the railroad companies.

The legal propositions submitted for determination are:

(1) Has the highway commission the authority to construct a combination vehicle and railroad bridge?

(2) If so, is the commission empowered to use for such construction the proceeds of the sale of bonds authorized by Act No. 3 of the Extra Session of 1930?

(3) Has the highway commission the authority to enter into lease contracts with railroad companies for the use of the railroad portion of the bridge?

We shall discuss the propositions in the order of their statement.

1. The right of the highway commission to construct a combination vehicle and railroad bridge is beyond question. Express authority for such construction is granted by Act No. 266 of 1928, which was ratified as an amendment to the Constitution and became section 25 of article 6. The ninth section of the constitutional provision reads as follows, viz.:

"The Louisiana Highway Commission, by and with the approval of the Board of Liquidation of the State Debt of the State of Louisiana, may, in connection with the erection of any bridge, construct a combination railroad and/or street railway and vehicle traffic bridge, and authority is hereby granted to the Louisiana Highway Commission, by and with the approval of the Board of Liquidation of the State Debt of the State of Louisiana, to lease to such persons, firms, associations or corporations as may apply for the same, the right or privilege to use the bridge for railroad and for street railway purposes, and for the placing and maintaining on any bridge, transmission cables and/or wires for telephone, telegraph and/or electric power, pipe lines for the transportation of artificial or natural gas or oil, tracks, wires and/or other equipment for the operation of steam and/or electric railways, and/or appliances or equipment for any other purposes."

But the relator contends that the quoted constitutional provision is not sufficient grant of authority to the highway commission to build the proposed bridge, because the cost of the bridge will exceed $3,000,000, which is the maximum amount section 7 of the constitutional provision permits the highway

commission to expend for the construction of any bridge.

Under section 19 of article 6 of the Constitution of 1921, as amended (see Acts 1926, No. 204), the Legislature is charged with the duty of providing for the establishment and maintenance of a system of hard-surfaced state highways and bridges.

Act No. 95 of the Extra Session of 1921, which was enacted to carry into effect the constitutional provision, creates the highway commission and defines its powers. Among other things, the statute provides generally for the construction, operation, and maintenance of a system of state highways and bridges. Section 18 of the act provides that the total cost of all work of highways and bridges shall be paid out of the general highway fund. And section 38 of the act provides that the necessary bridges, culverts, and appurtaining structures on any state highway shall be considered a part of such highway.

Under the provisions of Act No. 266 of 1928, the highway commission, with the approval of the state board of liquidation, is expressly authorized to construct bridges and the approaches thereto over navigable waters on or connecting highways in the state, to issue bonds to cover the cost of construction, and to operate the bridges for toll until all outstanding bonds shall have been retired and the cost of construction and maintenance shall have been paid.

Under section 11 of the statute, the highway commission and the state board of liquidation are authorized to issue the necessary bonds for the construction of eight bridges at or near certain designated points on the Atchafalaya, Black, Ouachita, and Red rivers, with the proviso that nothing in the statute shall prevent the commission from constructing any of the specified bridges out of the general highway fund.

It is the duty of the court to ascertain the meaning of the Legislature and to attach to its acts a rational and beneficial meaning, if possible, rather than an irrational and injurious one. With this duty in mind, we have examined the provisions of Act No. 266 of 1928, and have reached the conclusion that the general purpose of the Legislature in enacting the statute was to provide a way by which toll bridges for the use of vehicles might be constructed over its navigable waters without ultimate cost to the state, coupled with the particular purpose of permitting construction over such waters by the highway commission and the state board of liquidation of combination vehicle and railroad bridges. If this were not so, it would be impossible for the highway commission to construct combination vehicle and railroad bridges across the Mississippi river, the state's largest navigable stream, at those points where the public interest and convenience require, because it would be impossible to build such a bridge and its approaches within the limit of $3,000,000 specified in section 7 of the legislative act.

If it be contended that section 7 and section 9 of the statute are repugnant, then the latter section must prevail. And, if the particular legislative intention expressed in section 9 is incompatible with the general legislative intention expressed in the other sections of the statute, the particular intention must be con-

sidered in the nature of an exception to the general one. Section 9 must be given the effect of a substantive enactment. That section expressly grants unqualified authority to the highway commission, with the approval of the state board of liquidation, to construct combination vehicle and railroad bridges and to lease the bridges for railroad purposes. The right to exercise the authority thus conferred is not dependent upon the issue of bonds and the collection of tolls for their liquidation.

■ 2. Act No. 3 of the Extra Session of 1930 became by its adoption by the electors section 22 of article 6 of the State Constitution. The amendment provides for graveled, crushed rock, shelled surfaced, and paved highways, and the necessary bridges. It also provides for payment of the work by the highway commission through funding into bonds the tax on gasoline or other motor fuel.

The statute requires the highway commission to contribute $7,000,000 for paying in whole or in part for the construction of a bridge over the Mississippi river at or near New Orleans. It also directs the commission to construct bridges over the Red river near Shreveport, Coushatta, Alexandria, and Moncla, over the Atchafalaya river at or near Morgan City and Krotz Springs, over the Ouachita river at Monroe and at or near Sterlington and Harrisonburg, and over the Black river at Jonesville; the total cost of all the bridges not to exceed $8,000,000. And the statute plainly contemplates and impliedly authorizes the building of a bridge across the Mississippi river at or near Baton Rouge, because in its first paragraph it limits the

cost of the construction of each bridge to $100,000, with the exception of those hereinabove mentioned and "any (bridge) that may be built across the Mississippi River at or near Baton Rouge."

The statute (section 1) also contains the following pertinent provisions, viz.:

"The paved highway routes to be constructed, and to which the proceeds of the funds herein provided are available for such construction shall be and are hereby specifically dedicated, shall be those routes or roads laid out upon the accompanying map, which map is hereto attached and made a part of this act or amendment. * * *

"All contracts for the construction of paved highways and necessary bridges in connection therewith, out of said sums realized from the sale of bonds provided for herein, shall be subject to the approval of the State Advisory Board before they shall become effective, and no work shall be done to be paid for out of said funds realized from bonds provided for herein except by contract."

A veritable network of state highways is delineated on the map embodied in the act or amendment. Seven of the highways converge at Baton Rouge, and the proposed bridge is to connect those highways. It is not disputed that a bridge at Baton Rouge, the state capitol, will make for the public advantage and convenience. Such a bridge will constitute an integral part of the state highway system and under the plan proposed will be constructed without ultimate cost to the state.

The kind or type of bridge to be constructed must be left necessarily to the discretion of

the highway commission under its statutory authority, express and implied, the purpose to be accomplished not being violative of law or public policy.

Our conclusion is that the highway commission is clothed with the authority to construct the proposed combination bridge from funds to be derived in whole or in part from the issue and sale of bonds under the provisions of Act No. 3 of the Extra Session of 1930.

3. The question as to the right of the highway commission to enter into lease contracts with railroad companies for the use of the railroad portion of the bridge finds its answer in section 9 of Act No. 266 of 1928, hereinabove quoted, which expressly grants that right, which right is not limited to the class of bridges and method of financing set forth in other provisions of the statute.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.

BRUNOT, J., takes no part.