172 So. 163

GREMILLION v. LOUISIANA PUBLIC SERVICE COMMISSION et al.

No. 34127.

Jan. 4, 1937.

A. J. Roy, of Marksville, for appellant.

Gaston L. Pirterie, Atty. Gen., and Joseph A. Loret, Sp. Asst. Atty. Gen., for appellee.

FOURNET, Justice.

This is an action by an individual, who is engaged in the operation of a motor passenger service in Louisiana, against the Louisiana Public Service Commission and its component members to enjoin the enforcement of its Order No. 1786 charging the plaintiff with the cost of a proposed investigation and examination of his business, under the provisions of Act No. 20 of the Second Extraordinary Session of the Legislature of Louisiana of 1934.

Plaintiff's contentions are that the act, under the authority of which the order was issued, does not apply to natural persons operating utilities; that such being the case, it discriminates against corporations, and that the act is broader than its title, contains more than one subject and contains subjects nor indicated by its title, and is therefore unconstitutional (Const.1921, art. 3, § 16).

A rule nisi issued, and in answer thereto, defendants filed exceptions of no cause or right of action and an answer to the petition. The exceptions were submitted and the court reserved its ruling thereon, and the application for a preliminary injunction was then tried and submitted and, by agreement of counsel, the case was submitted on its merits on the same evidence as was adduced at the trial of the case for a preliminary injunction.

The trial judge rendered a judgment, overruling the exceptions of no cause or right of action, denying a preliminary injunction, and dismissed plaintiff's suit at his cost. The plaintiff has appealed.

Act No. 20 of the Second Extraordinary Session of the Legislature of Louisiana of 1934 has for its primary object and purpose, as expressed in its title, the imposition upon "public service and public utilities corporations" the burden of paying the expenses incurred by the Louisiana Public Service Commission in the examination of the affairs of "such corporations" to enable the Commission to fix and regulate the rates of such corporations.

The trial judge, in his written reasons for judgment, accurately stated the facts and, in disposing of the issues in the case, gave an able and thorough analysis of the pertinent authorities and the rules of construction applicable to statutes under the jurisprudence of this state and their application to the case at bar. We therefore quote, with approval, his opinion in full.

"The plaintiff in this suit, P. Bennie Gremillion, operates a motor passenger service in this state under a certificate of public convenience and necessity issued to him by the Louisiana Public Service Commission. He is a natural person and operates this utility in that capacity.

"The Commission having decided to examine his business for the purpose of fixing and regulating his rates, rendered its Order No. 1786 charging him with the cost of investigation. The plaintiff contends that the order is illegal, and seeks to enjoin its enforcement in this suit. His contentions are that Act No. 20 of the Second Extraordinary Session of 1934, under the authority of which the order was issued, does not apply to natural persons operating a utility, that such being the case, it discriminates against corporations, and that it is broader than its title, contains more than one subject, and contains subjects not indicated by its title.

"The plaintiff in his petition asks for a preliminary injunction enjoining the enforcement of the order pending the suit, and for a perpetual injunction after trial on the merits. On the petition a rule issued commanding the defendants to show cause why the preliminary injunction should not issue. The defendants have filed an exception of no cause or right of action and a return to the rule, together with a certified copy of the transcript of the proceedings had before the Louisiana Public Service Commission in Case No. 2587 of the docket of that Commission.

"The Court reserved its ruling on the exception of no cause of action and the case was then submitted on briefs.

"Counsel for defendants has failed to urge or refer to his exception of no right or cause of action to the rule in his brief and has apparently abandoned the same. Under the circumstances the exception is overruled and the issue will be confined to the other points raised in the case.

■ "In construing a statute, the object is to ascertain the legislative intent. State v. Fruge, 106 La. 694 [31 So. 323]; Succession of Carbajal, 154 La. 1060 [98 So. 666, 30 A.L.R. 1231]; State v. Dudley, 159 La. 872 [106 So. 364]; Houghton v. Hall, 177 La. 237 [148 So. 37].

"The words of a statute should be understood as having their most usual significance. Civ.Code, art. 14; New Orleans Canal & Banking Co. v. Shroeder, 7 La. Ann. 615; Martin v. Martin, 151 La. 530 [92 So. 46]; State v. Brunson, 162 La. 902 [111 So. 321, 50 A.L.R. 1531].

"The reason which induced the legislature to enact a law should be considered in determining its meaning. Civ.Code, art. 18; State v. Wiltz, 11 La.Ann. 439; Shreveport Gas Co. v. Assessor, 47 La.Ann. 65 [16 So. 650]; State ex rel. Wynne v. Lee, 106 La. 400 [31 So. 14]; Richard v. Lazard, 108 La. 540 [32 So. 559]; Thibaut v. Board of Commissioners, 153 La. 501 [96 So. 47]; Bradley v. Swift & Co., 167 La. 249 [119 So. 37]; State v. Crescent Cigar & Tobacco Co., 7 La.App. 659 (Orleans); Shreveport Laundries v. Mass. Bonding & Insurance Co. (La.App.) 142 So. 868.

■ "In the construction of statutes, absurd results should be avoided, and when the literal construction would produce such

a result, the letter of the law must give way to its spirit and the statute should be construed so as to produce a reasonable result. Cox v. Williams, 5 Mart.(N.S.) 139; State v. Wiltz, 11 La.Ann. 439, supra; City of Crowley v. Police Jury, 138 La. 488 [70 So. 487]; Bradley v. Swift & Co., 167 La. 249 [119 So. 37]; Houghton v. Hall, 177 La. 237 [148 So. 37] supra; State ex rel. Porterie v. La. Highway Commission, 179 La. 395, 154 So. 36.

■ "Harsh or unjust construction should be avoided, and, if possible, a statute should be construed so as to apply equally to all similarly situated. Houghton v. Hall, 177 La. 237 [148 So. 37].

"Applying these general rules, in order to give effect to the legislative intent, courts have often found it necessary to give to words the meaning which the legislators intended rather than their literal meaning. Examples of this are found in Shreveport Gas Co. v. Assessor, 47 La.Ann. 65 [16 So. 650]; Shreveport Laundries v. Mass. Bonding & Insurance Co. [La.App.] 142 So. 868; Thibaut v. Board of Com'rs, 153 La. 501 [96 So. 47]; New Orleans Canal & Banking Co. v. Shroeder, 7 La. Ann. 615, and State v. Brunson, 162 La. 902 [111 So. 321, 50 A.L.R. 1531].

"While the Court or counsel have failed to find any reported cases in Louisiana considering the question, the Supreme Court of the United States and a number of other courts have construed the word corporation as used in a statute to include natural persons whenever it has appeared that the legislative intent required it. Van Dyke v. Geary, 244 U.S. 39 [37 S.Ct. 483] 61 L.Ed.

973; Southern Pacific Co. v. Board of Railroad Commissioners [C.C.] 78 F. 236; Union Pacific Ry. Co. v. DeBusk, 12 Colo. 294, 20 P. 752 [3 L.R.A. 350, 13 Am.St. Rep. 221]; Pittsburgh, C. C. & St. L. Ry. Co. v. Lightheiser, 168 Ind. 438, 78 N.E. 1033; Bucklew v. Central Iowa Ry. Co., 64 Iowa, 603, 21 N.W. 103.

"Company, a word of similar meaning, in its literal sense including corporations and partnerships but not individual natural persons, has by a number of courts been held to include natural persons in construing statutes when the legislative intent required such a construction. Singer Mfg. Co. v. Wright, 97 Ga. 114, 25 S.E. 249, 35 L.R.A. 497; Singer Mfg. Co. v. Wright [C.C.] 33 F. 121; Chicago Dock & Canal Co. v. Garrity, 115 Ill. 155, 3 N.E. 448; Lowther v. Bridgeman, 57 W.Va. 306, 50 S.E. 410; Harger v. Harger, 144 Ark. 375, 222 S.W. 736.

■ "Evidence has been offered to prove that the vast bulk of public utility business in Louisiana is carried on by corporations and that when the average person thinks of the operator of a public utility he usually thinks of a company or corporation, and uses the term utility company or utility corporation. It is my opinion that the Court might have taken judicial notice of these facts without any evidence to that effect.

"The Louisiana Railroad Commission, the predecessor of the Louisiana Public Service Commission, was created and its power and duties regulated by articles 283 and 289 of the Constitution of 1898, and these articles were carried over into

the Constitution of 1913. In all of them the operators of public utilities are referred to as companies. It would be absurd to contend that the word companies as used in these articles did not include natural persons, and that therefore from 1893 to 1913 natural persons operating public utilities in Louisiana were not subject to regulation by the Railroad Commission.

 "The purpose of the act in question was to relieve the Public Service Commission of the cost of investigating public utilities and to charge each utility investigated with the costs of its investigation. The legislature was not concerned with whether the utilities to be investigated were operated by corporations, partnerships, or individuals. What it sought to do was to impose the cost of their investigation upon them, and in so doing, it used the term 'public service or public utilities corporation' in its popular sense as descriptive of the operator of a public utility. It is the opinion of the Court, therefore, that the term should be held to include natural persons who operate public utilities. This construction is in accord with legislative intent, gives the words their usual significance, avoids a harsh construction of the law, and obviates the charge that it is unconstitutional because discriminatory against corporations and in favor of individuals.

"Having decided that the act applies to natural persons as well as corporations, there is no occasion to decide whether it would be unconstitutional if it applies only to corporations. However, the Court will remark in passing that it would not neces-

sarily be unconstitutional if it did apply only to corporations, because the laws of this State have placed public utilities corporations as such in a class by themselves. The power of eminent domain has been conferred upon them and denied to natural persons operating public utilities and to other corporations, because the policy of the law is to confine it to public utility operators that may be readily and easily investigated and regulated. Civ.Code, art. 2630; Rev. St. § 1479, as amended by Act No. 176 of 1928; Bayou Cook Navigation & Fisheries Co. v. Doullut, 111 La. 517 [35 So. 729]; Louisiana Navigation & Fisheries Co. v. Doullut, 114 La. 906 [38 So. 613].

"Plaintiff further assails the constitutionality of said Act No. 20 of the Second Extraordinary Session of 1934 on the grounds that it 'is broader than its title, and contains more than one subject, and contains subjects when the title is not indicative of.'

"In the case of State v. Guidry, 142 La. 422, 76 So. 843, 846, the Supreme Court said:

"'The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act must have only one object.' State v. Doremus, 137 La. 266, 68 So. 605; City of Shreveport v. Nejin, 140 La. 785, 73 So. 996; Louisiana State Board of Argiculture v. Tanzmann, 140 La. 756,

73 So. 854 [L.R.A.1917C, 894, Ann.Cas. 1917E, 217]; Thomas v. Board of School Directors, 136 La. 499, 67 So. 345; State v. Foto & Bro., 134 La. 154, 63 So. 859.

"Again in the case of Allopathic State Board of Medical Examiners v. Fowler, 50 La.Ann. 1358 [24 So. 809], in which the jurisprudence on this point was thoroughly reviewed, the Supreme Court held:

" 'When the title of a legislative act expresses a single subject, or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will or may facilitate the accomplishment of the purpose so stated, are germane to its title. There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act. It has been held that an act to establish the government of the state embraces but a single subject or object, yet it includes all its institutions, all its statutes.'

■ "The title is not only indicative of the object as prescribed in section 16 of article 3 of the Constitution of 1921, but actually expresses the object of the act. There is nothing confusing or misleading about it. There is nothing to direct the attention from some covert, hidden object or purpose of the bill. All of the provisions of the act are germane to that purpose. Therefore there is no merit in the contentions of plaintiff as set forth in article 14 of his petition."

Supplementing the opinion of our learned brother below, it may be well to point out· that since the ownership of public utilities

is overwhelmingly corporate and not individual in this state, it is a reasonable and fair construction to say that the word "corporation" was used as a characterization · and not as a definition. Considering the end and purpose the Legislature had in view, the ownership, whether corporate or incorporate, was wholly immaterial.

Moreover, the certificate of authority to do business referred to by section 3 of Act No. 20 of the Second Extraordinary Session of the Legislature of 1934 is the certificate of convenience and necessity required of the operator of certain kinds of public utilities by Act No. 292 of 1926, § 3, regardless of whether they are individuals or corporations.

■ There is no merit in the charge of the plaintiff that the penalties named in Act No. 20 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1934 are so drastic and severe and so unreasonable that they, in effect, deter the utilities from attacking the validity of the assessment.

The very terms of the statute give to the party against whom the charge is made the right to proceed by a simple rule, and there can be no collection of the amount so assessed unless the party has acquiesced in the charge by allowing the fifteen days provided by the statute to elapse or that the party has tested the legality and reasonableness of the charge in a proper court. Therefore the hazard of injunction proceeding is unnecessary. The liability arises only when a final decision has been had by the courts.

For the reasons assigned, the judgment of the lower court is affirmed.

ROGERS and ODOM, JJ., dissent.

O'NIELL, C. J., takes no part.

ROGERS, Justice (dissenting).

I am unable to agree with the interpretation placed by the majority of the court on Act No. 20 of the Second Extra Session of 1934. It appears to me that the statutory provisions are plain and unambiguous and convey a clear and definite meaning. There is, therefore, no reason for construction. The letter of the law should not be disregarded in an attempt to ascertain its spirit.

Act No. 20 of the Second Extra Session of 1934 does not apply to natural persons. Nowhere in the statute is any mention made of natural persons. The title of the act refers only to corporations and the text of the act conforms to its title.

The term "company" as used in section 3, dealing with penalties for failure or refusal to pay the expense of the examination, does not embrace individuals or partnerships. The term "company" in a contract or statute imports a corporation. 7 R.C.L., p. 38, § 12. The term is used synonymously with the term "corporation" as used in the title and in the body of the statute. Obviously, there is no obligation imposed by the statute upon any "company" other than a public service or public utility corporation to pay for the examination of its affairs.

The public utility business of the state is conducted almost entirely by corporations. In the few instances that the business is conducted by individuals it is small in value and limited in scope. I see no inconsistency in the imposition by legislative enactment of the cost of investigations upon corporations carrying on extensive and complex businesses and not upon individuals carrying on limited and simple businesses. I think that was the legislative intent and that the intent is clearly expressed by the language of the statute.

The judgment should be reversed, and judgment should be rendered in plaintiff's favor as prayed for.