248

## SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. LOUISIANA PUBLIC SERVICE COMMISSION et al.

### No. 340.

District Court, E. D. Louisiana.

April 27, 1937.

James C. Henriques, of New Orleans, La.; and E. D. Smith and John T. Goree, both of Atlanta, Ga., for plaintiff.

Gaston L. Porterie, Atty. Gen. of Louisiana, Peyton R. Sandoz, and James P. O'Connor, Sp. Assts. to Atty. Gen., and William C. Dufour and Henry O'Connor, both of New Orleans, La., for defendants.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

BORAH, District Judge.

Since our original opinion was handed down, the Supreme Court of the state has in the case of Gremillion v. Louisiana Public Service Commission, 186 La. 295, 172 So. 163, interpreted Act No. 20 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1934, which is the statute under which the orders of the Louisiana Public Service Commission were issued in the instant case, and has held that the statute applies to natural persons as well as corporations; that the certificate of authority to do business referred to by section 3 of the act is the certificate of convenience and necessity required of the operator of certain kinds of public utilities by Act No. 292 of La.1926, § 3, regardless of whether they are individuals or corporations; that the penalties named in the act are not severe or such as to deter a utility from attacking the validity of the amount assessed by the commission as the cost of investigation, in that the statute gives to the party against whom the charge is made the right to proceed by simple rule to test the legality and reasonableness of the charge and precludes collection of the amount assessed until a final decision has been had by the courts.

Because of the decision of the Supreme Court of Louisiana, and because the orders of the commission have now been modified to meet the view as expressed by the majority in our former opinion, we are urged to vacate the interlocutory injunction, and either transfer the case to the law side of the docket or send the case to a commissioner to take the testimony. While there may be lacking under the circumstances of this case a strict duty of obedience, comity decrees that deference is at all times owing to the state decision, and for that reason we, the majority, submit to its holding.

In view of the changed situation, we have reached the conclusion that the interlocutory injunction should be vacated and the court does hereby appoint Reginald H. Carter, Sr., examiner to take the testimony and report same to the court, whereupon counsel will then be heard in argument.

Let a decree be prepared and presented in accordance herewith.