BOUTALL, Judge.
McDonald’s Corporation filed a petition for declaratory judgment to determine whether it comes within the provisions of the Louisiana Chain Store Tax, LSA-R.S. 47:10, Act 706 of 1974. Plaintiff appeals from a judgment declaring that the tax does apply to it.
The issue raised on this appeal is solely upon a legal interpretation of the statute. Plaintiff contends that it is a “restaurant” and that the statute does not apply to restaurants. There are no stipulated facts, nor any evidence adduced as to show what the operation of this plaintiff consists of and whether it in fact meets the definition of a restaurant. Presumably, the City of New Orleans agrees that it is a restaurant, it having stipulated “that the sole issue before the Court is whether the plaintiff, McDonald’s Corporation, is a store within the intendment of the Chain Store Tax Law (Act 706 of 1974).” Besides noting this lack of factual basis, we must also point out the enactment of Act 487 of 1975, which states that it repealed R.S. 47:10 (See Editor’s note to comments under LSA-R.S. 47:10). As the matter is now presented to us, it appears that we are being asked an advisory opinion which may have been mooted by the passage of the 1975 Act. However since the parties seem to argue that their tax conduct will be governed by the results herein, and because the definition of the subject of taxation is substantially the same (although differing mainly in the substitution of the conjunctive for disjunctive in relation to general management, etc.) we will proceed to consider the matter submitted.
For purposes of the limited issue before us, we quote the pertinent parts of LSA-R.S. 47:10B, as enacted by Act 706 of 1974:
“B. Imposition of tax * * *, there is hereby levied an annual license tax * * * upon each person engaged in the business of operating, or maintaining, as part of a group or chain, any store or stores * * * where goods, wares, merchandise or commodities of every description whatsoever are sold or offered for sale at retail under the same general management * * * commonly recognized as a member of a chain or as a branch store.”
In construing statutory law, we are governed by the provisions of R.S. 1:3 requiring that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. R.S. 1:4 states that when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. We must be mindful that the prime purpose of statutory construction is to determine legislative intent. Gremillion v. Louisiana Public Service Commission, 186 La. 295, 172 So. 163 (1937).
Does the statute then intend to place a chain store tax on restaurants? The definition of restaurant is not provided for in the statute itself, and we refer to Webster’s New International Dictionary, 3rd Ed. 1971, which defines restaurant as “an establishment where refreshments or meals may be procured by the public: a public eating *1025 house.”[1] It follows then that a restaurant is simply a fixed place of business where food is sold to its customers, and the food may or may not be prepared and consumed on the premises. The definition of restaurant meets the statutory test quoted above.
The food offered for sale is certainly within the definition of goods, wares, etc. We quote again from Webster’s, supra, the following definitions:
“goods
“goods pi: tangible movable personal property having intrinsic value usu. excluding money and other choses in action but sometimes including all personal property and occas. including vessels and even industrial crops or emblements, buildings, or other things affixed to real estate but agreed to be severed: chattels, wares, merchandise, food products, chemical compounds, and agricultural products (household * * *)”
“ware:
“ * * * a: manufactured articles, products of art or craft, or farm produce offered for sale: articles of merchandise.”
The main thrust of appellant’s contention is that the establishment, or place of business, that is intended to be taxed is only a “store or stores” and that a restaurant is simply not a store either under the generally accepted use of the word or under certain judicial pronouncements. Referring again to Webster, supra, we note the following definition of store as a noun, and especially definition 9:
“9a: a business establishment where goods are kept for retail sale (grocery -) (furniture)”
******
“c: a commercial establishment (as a bank, restaurant, or dry-cleaning shop.)”
In comparing the definitions of store and restaurant, we note that both are business establishments where goods and wares are sold. As we see it, store is a much broader definition and applies to all such retail businesses generally, while restaurant is simply a narrower division and is a store where only prepared food and refreshments are sold. We would readily concede that the hypothetical reasonable man would probably not associate a restaurant such as Antoine’s as being a store, but it too has as its main purpose selling prepared food. On the other hand, with the advent of the progression from “hamburger stands” to what is now termed “fast food outlets”, wherein a customer simply picks up the food, sometimes previously ordered, to be taken and consumed elsewhere, we discern little differentiation between such an operation and a grocery or delicatessen.
Customarily we use words such as these to denote “stores” which have particular characteristics. For example, a grocery is a store whether we call it a grocery or a food store or a grocery store. Is a retail bakery any less of a store because we sometimes refer to it as a bakery shop?[2] Does our *1026 statute propose to tax a drug store but not a pharmacy? It is not our function to deal precisely with the fine parts of the meanings of “restaurant” or other such generic terms, it is our function only to determine if the definition provided by the statute does include this business operation. See for comparison Sherrouse Realty Co. v. Marine, 46 So.2d 156, La.App.2d Cir. (1950). As an example we refer to § C of the statute relating to the basis and rates of the tax imposed and note that the tax is based “on the number of stores or merchandise establishments” suggesting further to us that “store” should not be given the restricted meaning as contended for by appellant.
Appellants have referred us to a number of our sister states in which the courts have decided that the chain store tax does not apply to restaurants. While these decisions have some persuasive effect, nevertheless they are not controlling, and indeed we perceive in some of them a variance in the statute itself or in the general statutory scheme. We note for example in the case of State Tax Commission v. Gay-Teague Realty Company, 237 Ala. 133, 185 So. 739 (1938) that the statute being considered did not contain the definition of a store and obviously is not as broad as the Louisiana statute. In the case of Lee v. Clover Leaf, Inc., 130 Fla. 435, 177 So. 722 (1937), the court decided that the Florida chain store tax did not apply to restaurants but considered that the more conclusive reason for the exemption was another tax statute which imposed a privilege tax on restaurants only, specifically graduating them according to the accommodations or customers served.[3] In any event we are not called upon to interpret the provisions of any other statute than this which is passed by the Louisiana Legislature and determine its intent.
Of more importance is appellant’s reference to the holding of the Louisiana Board of Tax Appeals in the matter entitled Pizza Hut of Louisiana, Inc. v. Collector of Revenue, BTA Docket # 1524 (1974), in which the board decreed a proposed assessment of the Collector of Revenue of the State of Louisiana to be illegal and unauthorized under the facts, circumstances and laws applicable thereto. First, we are not aware of whether there is a difference of fact in these two cases, but we do note that the tax assessment was proposed for the calendar year 1973 and hence could not have been controlling under the act here, # 706 of 1974, which repealed the applicable law there, R.S. 47:1121 et seq. The decision was not pursued into the courts such as to form a binding precedent upon us. Coincidentally therewith, we note that the tax imposed in R.S. 47:1121 was under a quite similar definition to ours and that § 1123 provided that only certain specific businesses shall be exempt from the provisions thereof. There are no equivalent statutory exemptions in the present law. In any event, no reasons are given for the Board’s conclusion and we disagree with its application to our statute.
In summation, we are of the opinion that the definition furnished by the statute is sufficiently broad to include within it the operation of a restaurant as maintained by plaintiff McDonald’s and the tax is applicable to McDonald’s. The judgment appealed from is affirmed.

AFFIRMED.

GARSAUD, J., dissented with reasons.

. The lack of facts as to the McDonald’s operation in the record causes us to conclude that we must accept the ordinary meaning of the word restaurant as embracing its operation. Presumably the scale of such operations would run from the traditional, grand New Orleans style of restaurant such as Antoine’s to the perhaps now outmoded denomination of hamburger stands, and McDonald’s is somewhere within the limits of these extremes.

. For a discussion of the meanings of “store” and “shop”, see State v. Smith, 5 La.Ann. 340 (1850). We also note with approval the following cited in Words and Phrases, “Store”, Vol. 40 p. 343:
“The word ‘store’ is commonly used in this country as the equivalent of the English word ‘shop,’ which is very generally applied to what we call a ‘bakery,’ as it is to any room or building where any kind of article of traffic is sold. The American word ‘store’ applies to the building; the name more strictly belonging to the collection of wares within it. The English ‘shop’ is the building itself, as distinguished from a place of sale, which is open like a ‘stall.’ Rich. Diet. ‘Shop.’ A ‘restaurant’ has no more defined meaning, and is used indiscriminately for all places where refreshments can be had, from the mere eating house or cook shop to the more common shops or stores, .where the chief business is vending articles of consumption and confectionery, and the furnishing of eatables to be consumed on the premises is subordinate. Where the premises insured are described as used for a residence and stores, *1026 the fact that a bakery and a restaurant were located in the building will not render the policy void. Richards v. Washington Fire & Marine Ins. Co., 27 N.W. 586, 587, 60 Mich. 420.”

. In Louisiana no such special restaurant tax exists. There is only the general licensing law imposing the same basis of taxation on retail dealers and restaurants, R.S. 47:353.