46 So.2d 156 (1950)
SHERROUSE REALTY CO., Inc. et al.
v.
MARINE et al.
No. 7507.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1950.
Rehearing Denied May 31, 1950.
*157 Redmond & Harkey, Monroe, for appellants.
Thompson, Thompson & Sparks, Monroe, for appellees.
HARDY, Judge.
This is a suit in which plaintiffs pray for the issuance of permanent injunctions, both mandatory and prohibitory, against the defendants for the purpose of enforcing the demolishing of certain buildings, structures and works and restraining the operation of a particularly described business by the defendants on property owned by them. After trial there was judgment in favor of plaintiffs granting the relief sought and reserving their right to sue defendants for damages in a separate action, from which judgment defendants have appealed.
Plaintiffs are Sherrouse Realty Company, Inc., the developer and subdivider of certain property located in the City of Monroe, Ouachita Parish, Louisiana, known as Unit No. 2 of Sherrouse Park Addition, and four individual owners of property in the subdivision, who had constructed residences thereon. The defendants are Plenty G. Marine and his son, Albert Bentley Marine, alleged to be the owners of the lots and the operators of the business conducted thereon, of which complaint is made by plaintiffs.
By deed dated October 10, 1930, the plaintiff, Sherrouse Realty Company, sold, conveyed and delivered to the defendant, Plenty G. Marine, Lot 3 of Block 19 of Sherrouse Park Addition, Unit No. 2, which deed contained the following restrictive covenants, inter alia:
"It is understood that this tract of land has been subdivided for the purpose of making a residential community of lots of ground and that this sale is made subject to the following conditions which shall remain in force and be binding on the vendee and _____ assigns, and all subsequent purchasers and owners of the property herein conveyed, for a term of 25 years from and after date hereof, to-wit:

* * * * * *
"4. No store building, filling station, dairy or other mercantile establishment shall be built on any of this property."
Similarly by instrument dated May 22, 1944, Sherrouse Realty Company sold, conveyed and delivered to Plenty G. Marine Lots Two, Four, Fourteen and Fifteen (2, 4, 14 & 15), Block Nineteen (19), Unit No. Two (2) of Sherrouse Park Addition to Ouachita Parish, Louisiana. The act of conveyance although omitting the preamble above noted in connection with the instrument dated October 10, 1930, contained certain restrictive covenants binding on the "vendee and assigns and all subsequent purchasers and owners of the property therein conveyed", among which was the following: "3. No store building, filling station, dairy or other mercantile establishment shall be built upon this property."
The identical property acquired by the defendant, Plenty G. Marine, under deed dated May 22, 1944, was by him sold and conveyed to his son, Albert Bentley Marine, by instrument of date September 6, 1949.
Some time during the year 1948 defendants caused to be built upon Lot 4 of Block 19 of Unit No. 2 of Sherrouse Park Addition a building in which they began to operate and conduct, in or about the month of September, 1948, a concrete products plant where they manufactured, stored and sold concrete building blocks, culverts, pipe and similar products. The erection of this building and the operation of the business referred to was protested by W. J. Sherrouse, President of the Realty Company, and complaints were made by the individual plaintiffs despite which defendants continued the operation of their plant, allegedly to the serious discomfort and inconvenience of the individual plaintiffs, nearby home owners in the subdivision, and this litigation ensued, plaintiffs' petition being *158 filed on September 13, 1949, approximately one year after the completion and beginning of operation of the plant.
Plaintiffs specifically prayed for judgment decreeing the violation by defendants of the restrictive covenants in the deeds referred to; for the issuance of a permanent mandatory injunction commanding and requiring the defendants to demolish and remove the buildings and other structures on the property described not used for residential purposes, and for a permanent prohibitory injunction permanently enjoining, restraining and prohibiting the defendants from using the premises described for any purpose other than residential; from carrying on the business in which they were then engaged; from conducting any commercial business and enterprise upon said property; and from in any other way or manner violating any of the building restrictions as specifically set forth in the original deeds conveying the property involved.
The judgment as rendered, substantially responsive to the prayer of plaintiffs' petition, ordered the defendants and each of them to demolish the building and other structures housing the concrete products plant and business on Lot 4 of Block 19 of Sherrouse Park Addition; further enjoined and restrained defendants and each of them from constructing a store building, filling station, dairy or other mercantile establishment on said lot, and finally reserved plaintiffs' rights to bring action for damages resulting from defendants' violation of the restrictive covenants.
Defendants asserted three defenses to plaintiffs' action, to wit:
1. That the cause of action had prescribed under the provisions of Act 326 of 1938.
2. That the building restrictions contained in the deeds did not prohibit the construction of a manufacturing plant.
3. In the alternative, that if the restrictive covenants should be interpreted to prohibit the construction of a manufacturing plant, then in such event plaintiffs had waived their rights to enforce said covenants by reason of their failure to protest general and continuous violations of building restriction clauses with respect to other lots in the same subdivision.
We will proceed to a discussion of these defenses, seriatim. The act upon which defendants rely in support of their plea of prescription provides that an action to enjoin or to obtain damages for a violation of restrictions contained in the title to land must be brought within two years from the commission of said violation.
It is clear that this action has been brought well within the prescriptive period fixed by Act 326 of 1938 insofar as the construction and operation on Lot 4 of Block 19 of Unit No. 2 is concerned. But defendants urge that they have been engaged in the construction of concrete products since early in the year 1942. The evidence adduced in support of this contention discloses the fact that the defendant, Plenty G. Marine, had built a residence and garage unit on Lot No. 3 of Block 19, and that, in the garage over a period of some six or seven years, defendants operated a hand unit concrete mixer.
Without regard to the merits of the argument advanced, we think this particular contention is moot in view of the judgment which, as above noted, is applicable under its terms only to Lot 4 of Block 19 of the unit and subdivision in question. For this reason we refrain from expressing any opinion as to this ground of defense.
The argument in support of defendant's second point is predicated upon a somewhat narrow and technical definition of words, and it is urged as a consequence that the restrictive covenants against the erection of a "store building" or "mercantile establishment" are not applicable to the business operated by defendants of manufacturing finished products from raw materials. We are not impressed with this contention. In the first place, we are convinced that the intent evidenced by the restriction is so plain and unambiguous as to preclude any question of doubt as to the purpose sought to be effected. The record is clear on the point that the subdivision was intended for residential purposes and that both the realty *159 company and the individual plaintiffs have consistently acted in accord with such an issue. To hold that a covenant prohibiting store buildings and mercantile establishments was not designed to operate against the conduct of heavy manufacturing enterprises, which would be far more objectionable and obnoxious, would be a reductio ad absurdum.
Nor do we find, even by the most hairsplitting definition, that defendants' contentions could be deemed worthy of serious consideration. Reference to 40 Words and Phrases, Perm.Ed., p. 219 et seq., is convincing on the point that the word "store" comprehends and includes not only a shop in the sense of an establishment for retail or wholesale trade in goods in the nature of buying and selling, but also a place for the storage of goods. Undisputed testimony in the record before us clearly establishes the fact that the defendants manufactured and stored their products in the building of which complaint is made, and, further, that they actually sold such products at and on the designated premises. It is unimportant whether these sales were of small or great degree with respect to volume, and, under any interpretation, the facts make obvious the conclusion that there has been a definite violation of the restrictive covenants.
Similarly, a mercantile establishment is one pertaining to trade and to the buying and selling of commodities. Under this definition it has been held that a corporation organized to make baker's goods and restaurant supplies and to sell them was organized for mercantile purposes. 27 Words and Phrases, Perm.Ed., p. 59, verbo "Mercantile".
Proceeding to the alternative defense based upon the alleged waiver by plaintiffs of their rights by reason of their failure to protest other violations of building restriction clauses in the same plot or subdivision, we do not find that this defense is applicable under the facts. Aside from the clear violation by these defendants, to which timely protest has been made and action taken in support thereof, there is only one business establishment of any nature in the particular unit subdivision. This establishment consists of a small restaurant and barber shop and is located on a lot which was originally conveyed without any restrictive covenants. Counsel for defendants has cited Edwards v. Wiseman, 198 La. 382, 3 So.2d 661, in support of this contention. The facts involved in the case before us and in the cited case are so dissimilar as to preclude the necessity for any discussion, since the principles applied in the Edwards case under the particular facts have no application under the facts in this case.
We do not find that the plaintiffs, or any of them, have acquiesced in any violation of the restrictive covenants here at issue, and, accordingly, there is no ground which would justify the conclusion that they have lost their rights by waiver or relinquishment.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.