671 So.2d 1120 (1996)
Jeff WEBB, Plaintiff-Appellant,
v.
Daniel JOHNSON, et ux, Defendants-Appellees.
No. 95-1518.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1121 David Frank Dwight, Lake Charles, John William Pickett, Many, for Jeff Webb.
William Reuel Boone, Many, for Daniel Johnson and Carlene Johnson.
Before YELVERTON, COOKS and DECUIR, JJ.
DECUIR, Judge.
Plaintiff, Jeff Webb, appeals the judgment of the district court sustaining the exception of prescription filed by defendants, Daniel and Carlene Johnson.
Jeff Webb, as owner of certain property located in Glenwood Park Subdivision, Sabine Parish, Louisiana, filed suit on February 25, 1994, alleging that Mr. and Mrs. Johnson had placed upon land located within the subdivision certain portable buildings, in violation of building restrictions affecting said property. No allegation is made in plaintiff's petition as to a mobile home or travel trailer placed on the property by defendants within two weeks of purchase of the property in September 1991. It is undisputed that defendants placed two portable buildings upon the property in March 1992. One of the portable buildings is a one bedroom cabin with a kitchen and one bath consisting of less than 500 square feet and the other is a storage building. The following restriction is alleged to have been violated by defendants:

PART III-RESIDENTIAL AREA COVENANTS

LAND USE AND BUILDING TYPE
No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling, or garages or auxilliary buildings constructed after the exterior of the main dwelling is completed. The floor area of the main structure, exclusive of all exterior storage, whether attached or detached, open porches and garages shall be not less than eight hundred square feet. (Emphasis ours.)
The restrictive covenant filed in evidence also includes a restriction against temporary structures and reads as follows:

*1122 No structure of a temporary character, basement, tent, shack, garage, barn, or other out-building shall be used on any lot at any time as a residence, either temporarily or permanently. No buses, railway cars, or similar structures of any kind may be moved onto the property.
The covenant also contains a specific restriction against trailer houses or mobile homes. We note also that the covenant includes a severability clause providing that invalidation of any one of the covenants by judgment or court order shall in no way affect any of the other provisions which shall remain in full force and effect.
Defendants answered plaintiff's petition alleging that a travel trailer situated on defendants' property had been on that location for more than two (2) years prior to the date suit was filed, therefore, the restrictions, if any, do not apply to defendants' property. Mr. and Mrs. Johnson contend that the travel trailer remained on their property continuously from two weeks after its purchase in September 1991 until February 27, 1994. Defendants also responded that the building restrictions have been routinely and openly violated by many property owners for many years and therefore are not enforceable. Defendants subsequently filed an exception of prescription contending that suit was not filed within two years of the date of violation of the covenant. Defendants argue that since any claim of violation relating to the mobile home is prescribed, plaintiff's claim of violation of the covenant as to the portable buildings is also prescribed. Plaintiff contends the travel trailer was not brought into issue since the defendants agreed to remove the trailer from the property prior to the time suit was filed. Defendants do not dispute this fact, and Mr. Johnson testified at trial that the trailer was returned to the property after suit was filed and after consultation with his attorney.
The trial judge in oral reasons stated that:
The buildings caused a problem because they were within prescriptive period. But when I was looking at Yiannopolus and reading, the violation originally occurred when the mobile home went on there and I did not see any way to segment out a violation by the mobile home or a violation by the buildings. The violation I looked as a unit when he put that travel trailer on there.
The trial judge sustained defendants' exception of prescription, dismissing plaintiff's claims as to defendants' property. The judgment has the effect of freeing defendants' property of the building restrictions, not only as to mobile homes, but also as to restrictions relating to size and movable structures. While we agree with the trial court that any claim as to the travel trailer or mobile home has prescribed, we disagree that the allegations as contained in plaintiff's petition have prescribed.
The time period within which a party must institute a lawsuit based upon violation of a building restriction is contained in La. Civ.Code art. 781. That article provides:
No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated. (Emphasis ours.)
This codal article has been held to be a peremptive one. Therefore, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. Nepveaux v. Fitzgerald, 480 So.2d 346 (La.App. 3 Cir.1985). Even if the restriction as to the travel trailer is prescribed, the plaintiff's claims as to the other violations of restrictions relating to size of buildings and temporary buildings is not prescribed.
We find that the trial court erred in finding that the violation of the restriction relating to mobile homes cannot be "segmented" from the remaining violations relating to size and temporary structures. The covenant contains a separate and distinct restriction against mobile homes and separate and distinct restrictions relating to size and temporary structures. Additionally, the covenant's severability clause clearly provides that invalidation of any one of the covenants in no way affects any of the other restrictions *1123 which shall remain in full force and effect. Moreover, La.Civ.Code art. 781 and the jurisprudence clearly establishes that prescription of one type of restriction on a particular lot does not free that lot from other restrictions nor other lots from restrictions of the type that has been violated. See Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (1941); Olivier v. Berggren, 136 So.2d 325 (La.App. 4 Cir.1962); Sherrouse Realty Co. v. Marine, 46 So.2d 156 (La.App. 2 Cir.1950).
The judgment of the trial court is affirmed in part, reversed in part and remanded to the trial court. Costs of this appeal are assessed to defendants-appellees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.